# EXHIBIT B



August 24, 2023

| | |
|---|---|
| Maxon Davis, Esq. | Sandra K. Jones, Esq. & Nicole C. Wixted |
| Davis Hatley Haffeman & Tighe, P.C. | Faegre Drinker Biddle & Reath, LLP |
| 101 River Drive North | One Logan Square, Suite 2000 |
| The Milwaukee Station, 3rd Floor | Philadelphia, PA 19103 |
| Great Falls, MT 59401 | sandra.jones@faegredrinker.com |
| max.davis@dhhtlaw.com | Nicole.wixted@faegredrinker.com |

Re: King v. United Teacher Associates Insurance Company, Great American Life Insurance Company, Continental General Insurance Company, and Continental LTC, Inc. fka Continental Insurance, Inc.

Dear Counsel,

This letter is Michelle King's offer to dismiss this case and walk away with nothing, including no payment for the benefits now owed to her or her father's estate.

In return, Defendants must (1) agree that the Alternate Payment Benefit Rider is not subject to any exclusion for care provided by a family member; (2) agree going forward not to impose a family member exclusion to the Alternate Payment Benefit Rider concerning any other policyholder; (3) agree to disclose in discovery herein each instance in which Defendants have applied an exclusion for family members to claims of other policyholders involving the Alternate Payment Benefit Rider; (4) agree to re-adjudicate those claims of other policyholders without applying a family member exclusion, and pay any benefits owing to those individuals or their estates with interest. A mechanism must also be in place to verify the Defendants' compliance with these terms.

Finally, this agreement would NOT be confidential. Other policyholders would have free access to this information.

If these terms are agreed to and met, we will take no payment for the benefits owed to Michelle King, and upon satisfactory verification of the Defendants' compliance, we will dismiss this suit with prejudice.

If Defendants are interested in this proposal, we ask that we receive written notice of acceptance before noon MST on August 30, 2023. Otherwise, this offer will no longer be available. If we can't get the Defendants to agree to correct and pay these claims voluntarily, our only other option is to get a ruling on the pending motion for partial summary judgment and then get the case into a federal courtroom to expose what is happening to these elderly policyholders.

Please provide this letter to your clients; we hope to hear from you soon.

COUNSEL FOR DEFENDANTS
AUGUST 24, 2023
PAGE 2 OF 2

Sincerely,

*Daniel B. Bidegaray*

Daniel B. Bidegaray
Cc: client