# EXHIBIT E

Maxon R. Davis
DAVIS HATLEY HAFFEMAN & TIGHE, P.C.
The Milwaukee Station, 3rd Floor
101 River Drive North
Great Falls, MT 59401
T:  (406) 761-5243
Email: max.davis@dhhtlaw.com

Sandra K. Jones (pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103
T:  (215) 988-2700
Email: Sandra.jones@faegredrinker.com
*Attorney for Defendants*
*United Teacher Associates Insurance*
*Company, Continental General Insurance*
*Company, and Continental LTC, Inc. f/k/a*
*Continental Insurance, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, | No. CV-21-87-GF-BMM |

| | |
|---|---|
| INC., fka CONTINENTAL INSURANCE, INC., and DOES 1-V,<br><br>Defendants. | |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COME Defendants Continental General Insurance Company ("CGIC"), Continental LTC, Inc. ("CLTC"),[1] and United Teacher Associates Insurance Company (collectively, "Continental"),[2] by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, and hereby objects and responds to the Third Set of Requests for Production (the "Request" or "Requests") of Plaintiff Michelle King, as the personal representative of the Estate of Robert Glen King ("Plaintiff") as follows:

### GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS AND INSTRUCTIONS AND DEFINITIONS OF CGIC'S OBJECTIONS

1. Continental objects to the Requests to the extent that they seek information or documents beyond the scope permitted by the Federal Rules of Civil Procedure (hereinafter referred to as "Exceeds Rules").

2. Continental objects to the Requests to the extent that they are vague,

---

[1] CLTC was never a party to the at-issue policy, nor was CLTC ever in contractual privity with Plaintiff nor Mr. King.

[2] United Teacher Associates Insurance Company ("United Teacher") was merged with and into CGIC effective December 31, 2016. CGIC's responses contain any documents in United Teacher's possession at the time of the merger.

ambiguous, or unintelligible (hereinafter referred to as "Vague and Ambiguous").

3. Continental objects to the Requests to the extent that they seek documents that are not relevant to any of the issues in this action (hereinafter referred to as "Irrelevant").

4. Continental objects to the Requests to the extent that they seek information that is not proportional to the needs of this action (hereinafter referred to as "Disproportionate").

5. Continental objects to the Requests to the extent that they are overly broad (hereinafter referred to as "Overbroad").

6. Continental objects to the Requests to the extent that they are unduly burdensome and unreasonable (hereinafter referred to as "Unduly Burdensome").

7. Continental objects to the Requests to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege (hereinafter referred to as "Privileged"). To the extent that Continental states herein that it will "produce documents responsive to this Request," Continental's production will exclude privileged documents and for any such documents withheld, Continental will produce a privilege log.

8. Continental objects to the Requests to the extent that they seek documents containing highly confidential personal information protected against

disclosure under privacy laws (hereinafter referred to as "Confidential Personal Information").

9. Continental objects to the Requests to the extent that they seek documents containing highly confidential or proprietary corporate information (hereinafter referred to as ("Proprietary Information").

10. Continental objects to the Requests to the extent that they ask CGIC to provide information or documents equally accessible to Plaintiff (hereinafter referred to as "Equally Accessible").

11. Continental objects to the temporal scope of the Requests as the date when Continental first considered adopting or issuing an "Alternate Payment Benefit Rider" until the present on grounds of Overbroad, Unduly Burdensome, Vague and Ambiguous, and Disproportional.

## RESPONSES TO PLAINTIFF'S REQUESTS

**REQUEST NO. 8:** All documents on any hard drive, server, or electronic storage media containing the words "Alternate Payment Benefit Rider" or "Alternative Payment Benefit Rider."

**RESPONSE: Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**The Request is Vague and Ambiguous and Overbroad because it asks for "[a]ll documents containing the words 'Alternate Payment Benefit Rider' or 'Alternative Payment Benefit Rider'" without any limitation or specificity as to whether the documents requested pertain only to a time period certain, the**

insurance policy at issue, the policy form at issue, the specific insured, or the entire universe of documents that could be on "any hard drive, server, or electronic storage media." To the extent Plaintiff is seeking the latter, the Request is Unduly Burdensome as it would be utterly impossible for Continental to ferret through its entire universe of "hard drive(s), server(s), or electronic storage media" and produce every single document that makes even mere mention of the Rider for the past two decades. Indeed, it could take months to weed through non-responsive and irrelevant documents that might "hit" for these search terms but bear absolutely no relevance to the claims alleged in the lawsuit.

The Request is, as written, also asking for Irrelevant documentation, as it requests "[a]ll documents" without specificity, narrowing of any kind, or any relation at all to Mr. King, the long-term care insurance policy at issue, or the claims asserted in the Complaint. It could, on its face, be asking for copies of any and all insurance policies, forms, letters, or other documents issued to other insureds that contain the "words" "Alternate Benefit Payment Rider," whether or not those documents could have any relation to the policy at issue, the type of rider at issue, or even a long-term care insurance product. The Request also seeks Privileged information to the extent that it requests documentation seeking personal information for other insureds that is protected not only by HIPAA but bears no relevance to Plaintiff or the claims asserted in the Complaint. Further, Plaintiff's Complaint is a single-plaintiff Complaint with claims pled that are specific to Mr. King and his own circumstances. Thus, it is Disproportionate to the needs of this case for Continental to ferret through thousands (hundreds of thousands?) or potentially responsive documents with even a single mention of the specified words that could potentially satisfy this Request.

Plainly, this Request represents an impermissible fishing expedition and beyond the scope of discovery allowed by Federal Rule of Civil Procedure 26(b)(1) ("Impermissible Fishing Expedition"). *See In re Williams-Sonoma*, 947 F.3d 535, 539-40 (9th Cir. 2020) (disallowing discovery requests in a single-plaintiff action served for the purpose of collecting information necessary to form and pursue a class action lawsuit against the defendant on the basis that such requests are not relevant to a plaintiff's claim and thus beyond the scope of discovery allowed under Federal Rule of Civil Procedure 26(b)(1)); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D 562, 573-74 (D. Mont. 2021) (finding plaintiff's discovery requests seeking information of potential class members and claim, before class was certified, were premature and thus

impermissible); *Pedersen v. State Farm Mut. Auto. Ins. Co.*, CV-19-29-GF-BMM-JTJ, 2022 WL 2304042, at *4 (D. Mont. June 27, 2022) (denying motion to compel discovery related to potential class as "improper and well-beyond the needs of [the] case" where defendant had "consistently supplied Plaintiffs with *relevant* discovery" and "objected properly to Plaintiffs overly broad requests.") (emphasis added).

**REQUEST NO. 9:** All documents relating to the drafting of the Alternate Payment Benefit Rider.

**RESPONSE**: Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

Subject to, and without waiving any objection, after conducting a diligent search, Continental states that it does not possess any documents responsive to this Request.

**REQUEST NO. 10:** All documents relating to the implementation of the Alternate Payment Benefit Rider.

**RESPONSE**: Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

This Request is Vague and Ambiguous and Overbroad because it asks for "[a]ll documents" relating to the "implementation" of an "Alternate Payment Benefit Rider." It is unclear as to what Plaintiff means by "implementation" of the rider. To the extent Plaintiff is looking for documents that relate to how the rider (and/or other riders) are handled, and how payment is made under the rider, those documents have already been produced as part of the claim manual. *See* CGIC_000241-A-366-A.

**REQUEST NO. 11:** All documents concerning the interpretation, application, or scope of the Alternate Payment Benefit Rider.

**RESPONSE**: Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

This Request is duplicative of Request No. 10. Therefore, Continental incorporates its response to Request No. 10 as if set forth fully herein.

**REQUEST NO. 12:** All documents supporting Defendants' claim that the Alternate Payment Benefit Rider does not provide benefits when a family member provides assistance with ADLs.

**RESPONSE**: Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, and Disproportionate.

Subject to, and without waiving any objection, Continental states that it does not possess any documents that state as Plaintiff sets forth. The Rider is part of the Policy, and both documents speak for themselves. The Rider provides an alternate payment method once an insured is otherwise benefit eligible pursuant to the terms of the Policy. Continental has never argued that the Rider does not "provide benefits" when a family member "provides assistance with ADLs." To the contrary, Continental has argued, in defending this lawsuit, that Plaintiff was a family member of the insureds, and so she was paid – and agreed to be paid – pursuant to the terms of the Rider.

By way of further response and without waiving the foregoing objections, Continental directs Plaintiff to the Policy and the other documents that have already been produced in this litigation.

**REQUEST NO. 13:** All documents showing that any Defendant has ever denied or limited benefits to any other policyholder under the Alternate Payment Benefit Rider based on care being provided by a family member.

**RESPONSE**: Objection. Continental objects to this Interrogatory as Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate. Subject to, and without waiving any objection, Continental provides the following in response:

Robert King ("Mr. King") is a unique insured with a unique set of accompanying circumstances (*i.e.*, he was allegedly receiving care from the VA and Medicare, in addition to his daughter). Here, Mr. King did not submit any claim for benefits under the Policy until 2016. Michelle King ("Ms. King") did not keep logs or diaries of the care she had allegedly provided, and Mr. King was not paying Plaintiff for her services. Thus, there was insufficient information (including a lack of proof of loss, as required by Section 5 of the Policy) to reimburse Mr. King (or Plaintiff) for any Qualified Long Term Care Services provided. To be of service to Mr. King, Continental offered (and Plaintiff accepted) to be paid under the Rider.

Therefore, whether any other insured—with their own health issues, caregivers, private information, and circumstances—has ever been paid under a similar rider as an alternative means when he or she is benefit eligible (and the other criteria under those policies and/or attendant riders are fully satisfied) are wholly Irrelevant to Mr. King, Plaintiff, and the way that Continental handled and paid Mr. King's individual specific claim.

Further, Plaintiff's Complaint is a single-plaintiff Complaint with pleadings specific to Mr. King and his own circumstances. It is Disproportionate to the needs of this case to cause Continental to review all of its files, many of which are decades old, to try to identify every single policy issued Continental *might* have denied or "limited" a claim where an insured had a similar rider type. Indeed, it is a herculean task to require Continental, in a single-plaintiff action, to go through the entire block of similar policies and parse out how claims may or may not have been paid under those different policies. It could take months, if not longer, for such a pursuit.

Likewise, responsive documents, *if any*, are Privileged and would necessarily contain protected policyholder information of other individuals (not Mr. King), all of which is protected by HIPAA and other regulations. Even if, *arguendo*, there were responsive documents that could be produced, it would also take hundreds of hours to ferret through those documents and redact all protected information. Plaintiff cannot articulate why the circumstances of other policyholders insured under other policies of insurance are relevant to her individual case or claims alleged in her Complaint. This is an Impermissible Fishing Expedition. *See In re Williams-Sonoma*, 947 at 539-40; *James Lee Constr., Inc.*, 339 F.R.D at 573-74; *Pedersen*, 2022 WL 2304042, at *4.

**REQUEST NO. 14:** All documents showing how many times any Defendant has ever denied or limited benefits under the Alternate Payment Benefit Rider based on assistance being provided by a family member.

**RESPONSE**: Objection. **Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**Subject to, and without waiving any objection, Continental incorporates its Response to Request No. 13 as if set forth fully herein.**

**REQUEST NO. 15:** All documents showing that any Defendant has ever paid benefits under the Alternative Payment Benefit Rider when the policyholder was receiving assistance from a family member.

**RESPONSE: Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**Subject to, and without waiving any objection, Continental incorporates its Response to Request No. 13 as if set forth fully herein.**

**REQUEST NO. 16:** All documents showing that any Defendant has ever advised any policyholder that the Alternate Payment Benefit Rider requires that care be provided by a non-family member, or does not pay benefits when assistance is provided by a family member.

**RESPONSE**: Objection. **Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**Subject to, and without waiving any objection, Continental incorporates its Response to Request No. 13 as if set forth fully herein.**

**REQUEST NO. 17:** All documents showing that the Alternative Payment Benefit Rider requires the policyholder to receive "Qualified Long Term Care Services" as a condition of receiving benefits under the Alternate Payment Benefit Rider.

**RESPONSE:** **Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**Subject to, and without waiving any objection, Continental incorporates its Response to Request No. 13 as if set forth fully herein.**

**REQUEST NO. 18:** All documents showing that any Defendant has ever denied or limited benefits under the Alternative Payment Benefit Rider based on the failure of the policyholder to receive "Qualified Long Term Care Services."

**RESPONSE:** **Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**Subject to, and without waiving any objection, Continental incorporates its Response to Request No. 13 as if set forth fully herein.**

**REQUEST NO. 19:** All documents showing that any Defendant has ever paid benefits under the Alternative Payment Benefit Rider when the policyholder did not receive "Qualified Long Term Care Services."

**RESPONSE**: **Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

Subject to, and without waiving any objection, Continental incorporates its Response to Request No. 13 as if set forth fully herein.

**REQUEST NO. 20:** All marketing or advertising documents of any Defendant related to long-term care benefits provided when the policyholder stays at home rather than entering a facility.

**RESPONSE:** Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

The Request is Vague and Ambiguous and Overbroad because it asks for "[a]ll marketing or advertising documents" relating to long-term care benefits provided to an insured who receives care at home rather than entering a facility without specificity as to whether the documents requested pertain only to the insurance policy (or policy form) at issue, or the entire universe of documents that Continental has in its possession that relate to any "long-term care benefits," regardless of policy or form.

Subject to, and without waiving any objection, and after diligent search, Continental does not believe that it has any Documents responsive to this Request due to the age of the policy/form at issue.

**REQUEST NO. 21:** All marketing or advertising documents of any Defendant related to the Alternative Payment Benefit Rider.

**RESPONSE:** Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

Subject to, and without waiving any objection, Continental is searching its archives to see if it is able to locate documents responsive to this Request. Continental will produce all responsive non-privileged documents, if any.

**REQUEST NO. 22:** All legal opinions concerning the Alternative Payment Benefit Rider.

**RESPONSE:** Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, Privileged, and Equally Accessible.

Although this Request is Vague and Ambiguous because the term "legal opinion" is undefined, Continental interprets "legal opinion" to be any "opinion" created by an attorney or created at the direction of an attorney, either in-house or outside of the Company. Therefore, this Request is Privileged by its very nature. To the extent Plaintiff is requesting an "opinion" issued publicly or by another court of law, Continental is not aware of any such "opinion" and states that, after diligent search, nothing exists to the best of its knowledge. A public court opinion, if any, is Equally Accessible to Plaintiff.

**REQUEST NO. 23:** All court opinions or orders concerning the Alternative Payment Benefit Rider.

**RESPONSE:** Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Equally Accessible.

Subject to, and without waiving any objection, Continental incorporates its Response to Request No. 22 as if set forth fully herein.

**REQUEST NO. 24:** All documents identifying litigation related to the Alternative Payment Benefit Rider.

**RESPONSE:** Objection. Continental objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.

Subject to, and without waiving any objection, Continental incorporates its Response to Request Nos. 22 and 23 as if set forth fully herein. Continental further states that, other than this case, there is no additional litigation "related" to any rider, including the "Alternative Payment Benefit Rider."

**REQUEST NO. 25:** All documents relating to the drafting or implementation of the Alternate Plan of Care Benefit. [sic]

**RESPONSE**: Objection.  Continental objects to this Request as Vague and Ambiguous.

In response to this Request, Continental states that it did not draft the Policy or any of its terms, and so it does not possess any documents responsive to this Request.  By way of further response, any policies/procedures related to the Alternate Plan of Care Benefit under the Policy and its implementation were already produced with the claim manual and related documents.  *See* CGIC_000241-A-366-A, 914-924, and 926-1003.

**REQUEST NO. 26:** All documents supporting your claim that any of the conditions stated in the Alternate Plan of Care Benefit relate or apply to the Alternate Payment Benefit Rider.

**RESPONSE**: Objection.  Continental objects to this Request as Vague and Ambiguous.

Continental is not able to discern what Plaintiff is requesting by way of this Request, as Continental did not make such a "claim."  Subject to, and without waiving any objection, and by way of further response, Continental states that the Alternate Plan of Care Benefit under the Policy is a Policy benefit that has specific parameters.  It may be administered pursuant to its terms.  The Rider, on the other hand is an alternative means by which a Policy benefit can be paid.

**REQUEST NO. 27:** All documents showing that any Defendant has ever interpreted the Alternate Payment Benefit Rider as being subject to the requirements of the Alternate Plan of Care Benefit.

**RESPONSE:** Objection.  Continental objects to this Request as Vague and Ambiguous.

Subject to, and without waiving any objection, Continental incorporates its Response to Request No. 26 as if set forth fully herein.  By way of further response, because the Alternate Plan of Care Benefit under the Policy is separate from the Rider, there are no Documents responsive to this Request.

**REQUEST NO. 28:** All documents showing that any Defendant has ever interpreted the Alternate Payment Benefit Rider as being separate and distinct from the Alternate Plan of Care Benefit.

**RESPONSE**: **Objection. Continental objects to this Request as Vague and Ambiguous.**

**Subject to, and without waiving any objection, Continental incorporates its Response to Request Nos. 25 and 26 as if set forth fully herein. By way of further response, Continental directs Plaintiff to the Policy and the applicable policies and procedures/claim manual, all of which have already been produced.** *See* **CGIC_000241-A-366-A, 914-924, and 926-1003.**

Dated: December 11, 2023

Respectfully submitted,

_____
Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T: (406) 761-5243
F: (406) 761-4126

Sandra K. Jones, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
sandra.jones@faegredrinker.com

*Attorneys for Defendants*
*Continental General Insurance Company,*
*United Teacher Associates Insurance Company,*
*And Continental LTC, Inc.*

## CERTIFICATE OF SERVICE

I, Maxon B. Davis, hereby certify that on December 11, 2023, a copy of the foregoing was served upon the below counsel via First Class U.S. Mail and e-mail:

Daniel B. Bidegaray
BIDEGARAY LAW FIRM
1700 West Koch, Ste. 5
Suite 305
Bozeman, MT 59715
Email: daniel@bidegaraylawfirm.com

_____
Maxon B. Davis