# EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING,<br><br>       Plaintiffs,<br><br>vs.<br><br>UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, INC., fka CONTINENTAL INSURANCE, INC., and DOES 1-V,<br><br>       Defendants. | Cause No. 4:21-cv-00087-BMM |

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendants Continental General Insurance Company ("CGIC"), Continental LTC, Inc. ("CLTC"),[1] and United Teacher Associates Insurance Company (collectively, "Continental"),[2] by and through their undersigned

---

[1] CLTC was never a party to the at-issue policy, nor was CLTC ever in contractual privity with Plaintiff nor Mr. King.

[2] United Teacher Associates Insurance Company ("United Teacher") was merged with and into CGIC effective December 31, 2016. CGIC's responses contain any documents in United Teacher's possession at the time of the merger.

counsel, pursuant to Federal Rule of Civil Procedure 34, and hereby objects and responds to the Third Set of Requests for Production (the "Request" or "Requests") of Plaintiff Michelle King, as the personal representative of the Estate of Robert Glen King ("Plaintiff") as follows:

### GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS AND INSTRUCTIONS AND DEFINITIONS OF CGIC'S OBJECTIONS

1.    Continental objects to the Requests to the extent that they seek information or documents beyond the scope permitted by the Federal Rules of Civil Procedure (hereinafter referred to as "Exceeds Rules").

2.    Continental objects to the Requests to the extent that they are vague, ambiguous, or unintelligible (hereinafter referred to as "Vague and Ambiguous").

3.    Continental objects to the Requests to the extent that they seek documents that are not relevant to any of the issues in this action (hereinafter referred to as "Irrelevant").

4.    Continental objects to the Requests to the extent that they seek information that is not proportional to the needs of this action (hereinafter referred to as "Disproportionate").

5.    Continental objects to the Requests to the extent that they are overly broad (hereinafter referred to as "Overbroad").

6.    Continental objects to the Requests to the extent that they are unduly burdensome and unreasonable (hereinafter referred to as "Unduly Burdensome").

7.     Continental objects to the Requests to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege (hereinafter referred to as "Privileged").  To the extent that Continental states herein that it will "produce documents responsive to this Request," Continental's production will exclude privileged documents and for any such documents withheld, Continental will produce a privilege log.

8.     Continental objects to the Requests to the extent that they seek documents containing highly confidential personal information protected against disclosure under privacy laws (hereinafter referred to as "Confidential Personal Information").

9.     Continental objects to the Requests to the extent that they seek documents containing highly confidential or proprietary corporate information (hereinafter referred to as ("Proprietary Information").

10.     Continental objects to the Requests to the extent that they ask CGIC to provide information or documents equally accessible to Plaintiff (hereinafter referred to as "Equally Accessible").

11.     Continental objects to the temporal scope of the Requests as the date when Continental first considered adopting or issuing an "Alternate Payment Benefit Rider" until the present on grounds of Overbroad, Unduly Burdensome, Vague and

Ambiguous, and Disproportional.

<u>**RESPONSES TO PLAINTIFF'S REQUESTS**</u>

**<u>REQUEST NO. 8:</u>**    All documents on any hard drive, server, or

electronic storage media containing the words "Alternate Payment Benefit Rider"

or "Alternative Payment Benefit Rider."

**<u>SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:</u>** **Initially, Continental objected to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged because it asks for "[a]ll documents containing the words 'Alternate Payment Benefit Rider' or 'Alternative Payment Benefit Rider'" without any limitation or specificity as to whether the documents requested pertain only to a time period certain, the insurance policy at issue, the policy form at issue, the specific insured, or the entire universe of documents that could be on "any hard drive, server, or electronic storage media." Plaintiff clarified, however, during a meet and confer that she was seeking documents containing an electronic search for the words "Alternative Payment Benefit Rider," "Alternate Payment Benefit Rider," and eventually, "APBR" or "Alt. Bene." After Plaintiff's explanation, and diligent search, Continental states that such search terms do not result in any responsive documents. Therefore, Continental states that there are no documents responsive to this Request.**

**<u>REQUEST NO. 9:</u>**    All documents relating to the drafting of the

Alternate Payment Benefit Rider.

**<u>SUPPLEMENTAL RESPONSE</u>: After conducting a diligent search, Continental states that it does not possess any documents responsive to this Request.**

**<u>REQUEST NO. 10:</u>**    All documents relating to the implementation of

the Alternate Payment Benefit Rider.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After Conference with Plaintiff, this Request was re-defined to include**
**documents that relate to how the rider (and/or other riders) are handled, and**
**how payment is made under the rider, those documents have already been**
**produced as part of the claim manual.** *See* **CGIC_000241-A-366-A.**
**Continental confirms that there are no further responsive documents in its**
**possession, custody, or control.**

    <u>**REQUEST NO. 11:**</u>    All documents concerning the interpretation,

application, or scope of the Alternate Payment Benefit Rider.

**<u>SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:</u>**
**After Conference with Plaintiff, this Request was re-defined to include**
**documents that relate to how the rider (and/or other riders) are handled, and**
**how payment is made under the rider, those documents have already been**
**produced as part of the claim manual.** *See* **CGIC_000241-A-366-A.**
**Continental confirms that there are no further responsive documents in its**
**possession, custody, or control.**

    <u>**REQUEST NO. 12:**</u>    All documents supporting Defendants' claim that

the Alternate Payment Benefit Rider does not provide benefits when a family

member provides assistance with ADLs.

**<u>RESPONSE</u>: Objection. Continental objects to this Request as Vague and**
**Ambiguous, Overbroad, Unduly Burdensome, and Disproportionate.**

**Subject to, and without waiving any objection, Continental states that it does**
**not possess any documents that state as Plaintiff sets forth. The Rider is part**
**of the Policy, and both documents speak for themselves. The Rider provides an**
**alternate payment method once an insured is otherwise benefit eligible**
**pursuant to the terms of the Policy. Continental has never argued that the**
**Rider does not "provide benefits" when a family member "provides assistance**
**with ADLs." To the contrary, Continental has argued, in defending this**
**lawsuit, that Plaintiff was a family member of the insureds, and so she was paid**
**– and agreed to be paid – pursuant to the terms of the Rider. Although the**
**parties have met and conferred on this issue, and Plaintiff disagrees with**
**Continental's position, it does not change Continental's defense in this matter.**

**By way of further response and without waiving the foregoing objections, Continental directs Plaintiff to the Policy and the other documents that have already been produced in this litigation.**

**REQUEST NO. 13:**    All documents showing that any Defendant has

ever denied or limited benefits to any other policyholder under the Alternate

Payment Benefit Rider based on care being provided by a family member.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After Conference with Plaintiff, the parties have discussed that it is not possible for Continental to determine, out of the individual insureds who may have a long-term care insurance policy that might include a rider similar to the Rider at issue here, whether any claim for long-term care insurance benefits was denied specifically "under the Alternate Payment Benefit Rider." The system for tracking these matters would simply show that the claim was "denied." Without analyzing each and every claim file from soup-to-nuts, it would be impossible to determine the exact reasoning for the claim denial and whether any denial had anything to do with a family caregiver. However, Continental reminds Plaintiff that, because the Alternate Payment Benefit Rider does not on its face _alone_ exclude a family caregiver (_i.e._, other provisions of the Policy do), then there would be no denial of benefits to another claimant "based on care being provided by a family member" alone. Therefore, after diligent search, Continental states that there are no documents responsive to this Request.**

**REQUEST NO. 14:**    All documents showing how many times any

Defendant has ever denied or limited benefits under the Alternate Payment Benefit

Rider based on assistance being provided by a family member.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF**:
**Continental incorporates its Response to Request No. 13 as if set forth fully herein.**

**REQUEST NO. 15:**      All documents showing that any Defendant has

ever paid benefits under the Alternative Payment Benefit Rider when the

policyholder was receiving assistance from a family member.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After conference with Plaintiff, Continental has explained that, to date, there**
**have been 97 claims paid for insureds that have policies containing a similar**
**rider.  As stated in response to Request No. 13, there is no way to know, without**
**reviewing each individual claim file, whether the insured at any time received**
**assistance from a family member.   As discussed with counsel for Plaintiff,**
**Plaintiff does not expect Continental (nor will Continental) review and analyze**
**every claim file for every insured for which it approved a claim for benefits**
**when the contract contains a similar rider.  Therefore, after diligent search,**
**Continental states that there are no documents responsive to this Request.**

**REQUEST NO. 16:**      All documents showing that any Defendant has

ever advised any policyholder that the Alternate Payment Benefit Rider requires

that care be provided by a non-family member, or does not pay benefits when

assistance is provided by a family member.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**None.**

**REQUEST NO. 17:**      All documents showing that the Alternative

Payment Benefit Rider requires the policyholder to receive "Qualified Long Term

Care Services" as a condition of receiving benefits under the Alternate Payment

Benefit Rider.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**The Rider, which is part of the Policy, speaks for itself.  There are no other**
**documents outside of the Policy and the Rider that are responsive to this**
**Request.**

**REQUEST NO. 18:**      All documents showing that any Defendant has

ever denied or limited benefits under the Alternative Payment Benefit Rider based

on the failure of the policyholder to receive "Qualified Long Term Care Services."

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After conference with Plaintiff, Continental states that there are no other**
**documents outside of the Policy and the Rider that are responsive to this**
**Request.**

**REQUEST NO. 19:**      All documents showing that any Defendant has

ever paid benefits under the Alternative Payment Benefit Rider when the

policyholder did not receive "Qualified Long Term Care Services."

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After conference with Plaintiff, Continental states that there are no other**
**documents outside of the Policy and the Rider that are responsive to this**
**Request.**

**REQUEST NO. 20:**      All marketing or advertising documents of any

Defendant related to long-term care benefits provided when the policyholder stays

at home rather than entering a facility.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After conference with Plaintiff, and after diligent search, Continental does not**
**have any Documents responsive to this Request due to the age of the policy/form**
**at issue.**

**REQUEST NO. 21:**      All marketing or advertising documents of any

Defendant related to the Alternative Payment Benefit Rider.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After conference with Plaintiff, and after diligent search, Continental does not**
**have any Documents responsive to this Request due to the age of the policy/form**
**at issue.**

**REQUEST NO. 22:**      All legal opinions concerning the Alternative

Payment Benefit Rider.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After conference with Plaintiff, and after diligent search, Continental does not**
**have any Documents responsive to this Request due to the age of the policy/form**
**at issue.**

**REQUEST NO. 23:**      All court opinions or orders concerning the

Alternative Payment Benefit Rider.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After conference with Plaintiff, and after diligent search, Continental does not**
**have any Documents responsive to this Request due to the age of the policy/form**
**at issue.**

**REQUEST NO. 24:**      All documents identifying litigation related to the

Alternative Payment Benefit Rider.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**
**After conference with Plaintiff, and after diligent search, Continental does not**
**have any Documents responsive to this Request.  Continental further states**
**that, other than this case, there is no additional litigation "related" to any rider,**
**including the "Alternative Payment Benefit Rider."**

**REQUEST NO. 25:**      All documents relating to the drafting or

implementation of the Alternate Plan of Care Benefit. [sic]

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**

**After conference with Plaintiff, and after diligent search, Continental does not have any Documents responsive to this Request due to the age of the policy/form at issue.**

**REQUEST NO. 26:** All documents supporting your claim that any of the conditions stated in the Alternate Plan of Care Benefit relate or apply to the Alternate Payment Benefit Rider.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF: After conference with Plaintiff, and after diligent search, Continental does not have any Documents responsive to this Request. Continental states that the Alternate Plan of Care Benefit under the Policy is a Policy benefit that has specific parameters. It may be administered pursuant to its terms.**

**REQUEST NO. 27:** All documents showing that any Defendant has ever interpreted the Alternate Payment Benefit Rider as being subject to the requirements of the Alternate Plan of Care Benefit.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF: After conference with Plaintiff, and after diligent search, Continental does not have any Documents responsive to this Request.**

**By way of further response, because the Alternate Plan of Care Benefit under the Policy is separate from the Rider, there are no Documents responsive to this Request.**

**REQUEST NO. 28:** All documents showing that any Defendant has ever interpreted the Alternate Payment Benefit Rider as being separate and distinct from the Alternate Plan of Care Benefit.

**SUPPLEMENTAL RESPONSE AFTER CONFERENCE WITH PLAINTIFF:**

**After conference with Plaintiff, and after diligent search, Continental does not have any Documents responsive to this Request.**

**By way of further response, because the Alternate Plan of Care Benefit under the Policy is separate from the Rider, there are no Documents responsive to this Request.**

Dated: May 16, 2024          Respectfully submitted,

*/s/ Sandra K. Jones*
Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T:  (406) 761-5243
F:  (406) 761-4126

Sandra K. Jones, Esq., *admitted Pro Hac Vice*
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
sandra.jones@faegredrinker.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Sandra K. Jones, hereby certify that on May 16, 2024, a copy of the foregoing was served upon the below counsel via e-mail:

Daniel B. Bidegaray
BIDEGARAY LAW FIRM
1700 West Koch, Ste. 5
Suite 305
Bozeman, MT 59715
Email:  daniel@bidegaraylawfirm.com

*/s/ Sandra K. Jones*
Sandra K. Jones