# EXHIBIT I

Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T:  (406) 761-5243
F:  (406) 761-4126

Sandra K. Jones, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
sandra.jones@faegredrinker.com

*Attorneys for Defendants*
*Continental General Insurance Company,*
*United Teacher Associates Insurance Company,*
*And Continental LTC, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING,<br>         Plaintiff,<br>vs.<br>UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, INC., fka CONTINENTAL INSURANCE, INC., and DOES 1-V,<br>         Defendants. | Cause No. CV-21-87-GF-BMM |

## CONTINENTAL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendants Continental General Insurance Company ("CGIC"), Continental LTC, Inc. ("CLTC"),[1] and United Teacher Associates Insurance Company (collectively, "Continental"),[2] by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, and hereby objects and responds to the Fourth Set of Requests for Production of Documents (the "Request" or "Requests") of Plaintiff Michelle King, as the personal representative of the Estate of Robert Glen King ("Plaintiff") as follows:

### GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS AND INSTRUCTIONS AND DEFINITIONS OF CONTINENTAL'S OBJECTIONS

1. Continental objects to the Requests to the extent that they seek information or documents beyond the scope permitted by the Federal Rules of Civil Procedure (hereinafter referred to as "Exceeds Rules").

2. Continental objects to the Requests to the extent that they are vague, ambiguous, or unintelligible (hereinafter referred to as "Vague and Ambiguous").

3. Continental objects to the Requests to the extent that they seek

---

[1] CLTC is merely the owner of CGIC. CLTC was never a party to the at-issue policy, nor was CLTC ever in contractual privity with Plaintiff nor Mr. King.

[2] United Teacher Associates Insurance Company ("United Teacher") was merged with and into CGIC effective December 31, 2016. CGIC's responses contain any documents in United Teacher's possession at the time of the merger.

2

documents that are not relevant to any of the issues in this action (hereinafter referred to as "Irrelevant").

4. Continental objects to the Requests to the extent that they seek documents that are not proportional to the needs of this action (hereinafter referred to as "Disproportionate").

5. Continental objects to the Requests to the extent that they are overly broad (hereinafter referred to as "Overbroad").

6. Continental objects to the Requests to the extent that they are unduly burdensome and unreasonable (hereinafter referred to as "Unduly Burdensome").

7. Continental objects to the Requests to the extent that they seek documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege (hereinafter referred to as "Privileged"). To the extent that Continental states herein that it will "produce documents responsive to this Request," Continental's production will exclude privileged documents and for any such documents withheld, Continental will produce a privilege log.

8. Continental objects to the Requests to the extent that they seek documents containing highly confidential personal information protected against disclosure under privacy laws (hereinafter referred to as "Confidential Personal Information").

9. Continental objects to the Requests to the extent that they seek

documents containing highly confidential or proprietary corporate information (hereinafter referred to as ("Proprietary Information").

10. Continental objects to the Requests to the extent that they ask CGIC to provide information equally accessible to Plaintiff (hereinafter referred to as "Equally Accessible").

11. Continental objects to the temporal scope of the Requests as the date when Continental first considered adopting or issuing an "Alternate Payment Benefit Rider" until the present on grounds of Overbroad, Unduly Burdensome, Vague and Ambiguous, and Disproportionate.

## RESPONSES TO PLAINTIFF'S REQUESTS

**REQUEST NO. 29:** All documents from any claim file in which (1) the Policy included an Alternate Payment Benefit Rider; (2) the claim was denied; and (3) the document includes the word "family."

The scope of this Request is limited to electronically searchable claim files or those portions of claim files. Further, this Request does NOT require Defendants to produce Policy forms containing the word "family." Therefore, if the only document in a claim file containing the word "family" is a policy form, it need not be identified or produced.

**RESPONSE: Objection. Continental objects to this Request as Overbroad, Unduly Burdensome, and Irrelevant. By way of further response, once there was actually a claim submitted by Robert Glen King ("Mr. King"), Continental approved that claim and paid benefits to Mr. King until his death. Therefore,**

4

any "denials" of claims are wholly irrelevant to this claim.

**Subject to, and without waiving any objection, Continental states that no document exists that is responsive to this Request. As set forth in prior Responses, these policy forms are old, and were inherited by Continental. Continental is not able to locate any responsive documents by performing a word search for the word "family." Thus, the response here is none.**

**REQUEST NO. 30:** All documents from any claim file in which (1) the Policy included an Alternate Payment Benefit Rider; (2) the claim was paid; and (3) the document includes the word "family."

The scope of this Request is limited to electronically searchable claim files or those portions of claim files. Further, this Request does NOT require Defendants to produce Policy forms containing the word "family." Therefore, if the only document in a claim file containing the word "family" is a policy form, it need not be identified or produced.

**RESPONSE: Subject to, and without waiving any objection, Continental states that no document exists that is responsive to this Request. As set forth in prior Responses, these policy forms are old, and were inherited by Continental. Continental is not able to locate any responsive documents by performing a word search for the word "family." Thus, the response here is none.**

**[SIGNATURE AND DATE ON PAGE TO FOLLOW]**

Dated:  June 17, 2024	Respectfully submitted,

*/s/ Maxon Davis*
Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T:  (406) 761-5243
F:  (406) 761-4126

Sandra K. Jones, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
sandra.jones@faegredrinker.com

*Attorneys for Defendants
Continental General Insurance Company,
United Teacher Associates Insurance Company,
And Continental LTC, Inc.*

## CERTIFICATE OF SERVICE

I, J. Louise Bonner, hereby certify that on June 17, 2024, a copy of the foregoing was served upon the below counsel via e-mail:

Daniel B. Bidegaray
BIDEGARAY LAW FIRM
1700 West Koch, Ste. 5
Suite 305
Bozeman, MT 59715
Email:  daniel@bidegaraylawfirm.com

Michael Abourezk
P.O. Box 9460
2020 West Omaha
Rapid City, S. Dakota
Email:  mike@abourezk.com

*/s/ J. Louise Bonner*
J. Louise Bonner