# EXHIBIT K

Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T:  (406) 761-5243
F:  (406) 761-4126

Sandra K. Jones, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
sandra.jones@faegredrinker.com

*Attorneys for Defendants*
*Continental General Insurance Company,*
*United Teacher Associates Insurance Company,*
*And Continental LTC, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING,<br>　　　　Plaintiff,<br>vs.<br>UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, INC., fka CONTINENTAL INSURANCE, INC., and DOES 1-V,<br>　　　　Defendants. | Cause No. CV-21-87-GF-BMM |

1

## CONTINENTAL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendants Continental General Insurance Company ("CGIC"), Continental LTC, Inc. ("CLTC"),[1] and United Teacher Associates Insurance Company (collectively, "Continental"),[2] by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, and hereby objects and responds to the Fifth Set of Requests for Production of Documents (the "Request" or "Requests") of Plaintiff Michelle King, as the personal representative of the Estate of Robert Glen King ("Plaintiff") as follows:

### GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS AND INSTRUCTIONS AND DEFINITIONS OF CONTINENTAL'S OBJECTIONS

1. Continental objects to the Requests to the extent that they seek information or documents beyond the scope permitted by the Federal Rules of Civil Procedure (hereinafter referred to as "Exceeds Rules").

2. Continental objects to the Requests to the extent that they are vague, ambiguous, or unintelligible (hereinafter referred to as "Vague and Ambiguous").

3. Continental objects to the Requests to the extent that they seek

---

[1] CLTC is merely the owner of CGIC. CLTC was never a party to the at-issue policy, nor was CLTC ever in contractual privity with Plaintiff nor Mr. King.

[2] United Teacher Associates Insurance Company ("United Teacher") was merged with and into CGIC effective December 31, 2016. CGIC's responses contain any documents in United Teacher's possession at the time of the merger.

2

documents that are not relevant to any of the issues in this action (hereinafter referred to as "Irrelevant").

4. Continental objects to the Requests to the extent that they seek documents that are not proportional to the needs of this action (hereinafter referred to as "Disproportionate").

5. Continental objects to the Requests to the extent that they are overly broad (hereinafter referred to as "Overbroad").

6. Continental objects to the Requests to the extent that they are unduly burdensome and unreasonable (hereinafter referred to as "Unduly Burdensome").

7. Continental objects to the Requests to the extent that they seek documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege (hereinafter referred to as "Privileged"). To the extent that Continental states herein that it will "produce documents responsive to this Request," Continental's production will exclude privileged documents and for any such documents withheld, Continental will produce a privilege log.

8. Continental objects to the Requests to the extent that they seek documents containing highly confidential personal information protected against disclosure under privacy laws (hereinafter referred to as "Confidential Personal Information").

9. Continental objects to the Requests to the extent that they seek

documents containing highly confidential or proprietary corporate information (hereinafter referred to as ("Proprietary Information")).

10. Continental objects to the Requests to the extent that they ask CGIC to provide information equally accessible to Plaintiff (hereinafter referred to as "Equally Accessible").

11. Continental objects to the temporal scope of the Requests as the date when Continental first considered adopting or issuing an "Alternate Payment Benefit Rider" until the present on grounds of Overbroad, Unduly Burdensome, Vague and Ambiguous, and Disproportionate.

## RESPONSES TO PLAINTIFF'S REQUESTS

**REQUEST NO. 31:** Copies of the complete claim file for each of the 111 claims identified by Defendants' response to Interrogatory No. 4. You may redact personal identifying information, except for the claim number which is necessary to understand which documents correspond with each individual claim. Documents produced hereunder will also be subject to protection under the stipulated Protective Order entered herein, so personal identifying information will be confidential regardless of whether you redact it.

**RESPONSE:** **Objection. Continental objects to this Request as Vague and Ambiguous; Exceeds Rules; Irrelevant; Disproportionate; Overbroad; Unduly Burdensome; and Confidential Personal Information.**

**Request No. 31 is Vague and Ambiguous because it refers to "the 111 claims identified by Defendants' response to Interrogatory No. 4." Continental General references "111 claims paid where payment was issued, at one time, under the 'Alternative Payment Benefit Rider'" in response to Interrogatory No. 5, not Interrogatory No. 4. Accordingly, this response to Request No. 31 assumes this Request is referencing only Continental General's response to Interrogatory No. 5.**

4

**Request No. 31 Exceeds Rules and is Irrelevant, Disproportionate, and Overbroad** because each of the "111 claims" of other insureds do not have any relevance to this single plaintiff action. To the extent that Plaintiff asserts she is entitled to the entire claim files of other insureds, she is not.

**First and foremost, the "111 claim files" are claim files for other insureds where Continental has *approved* and *paid* their individual claims for benefits at one time or another by issuing payment under a similar "Alternate Benefit Payment Rider."** There have been no complaints related to those other "111 claim files." Further, unlike, *arguendo*, a claim file for another line of insurance, long-term care insurance claims are nuanced and focus primarily on the specific health condition(s) of each insured. This information is not only private to each insured, but it is protected by HIPAA. The medical and health information is in nearly every element of each claim file, much like it is for Robert King's claim file. It is neither appropriate nor even legal for Continental to produce the claim files of other insureds without each of them giving their express legal permission and/or express consent to do so.

**Second, the "111 claim files" will not show any "pattern or practice" relevant to Plaintiff's claims.** Plaintiff has not identified or pointed any evidence to show the specific "pattern and practice" that she alleges occurred here, much less that will be demonstrated through a review of the "111 claim files". To that end, Request No. 31 Exceeds the Rules of discovery because it is nothing more than a fishing expedition through which Plaintiff hopes to *create* a pattern and practice of some yet-to-be identified theory. Beyond that, none of the 111 insureds reside in Montana other than Mr. King (and Mr. King resided in Kansas at the time the Policy was issued).

**Third, *even if* every insured and/or insured's representative signed a release to allow Plaintiff to access his/her personal medical information (which is a big "*if*"), simply performing redactions of each insured's Confidential Personal Information is not the easy panacea that Plaintiff seems to suggest.** Plaintiff suggested during a telephone conversation that Plaintiff would do the review for Continental. That is not appropriate. Rather, the Request is further Unduly Burdensome and Disproportionate to the needs of this single-insured case because it would require an inordinate amount of company and attorney time to gather and prepare the 111 claim files, review each file for Confidential Personal Information and Privileged information, perform the appropriate redactions, and create a privilege log of the redactions. Continental General anticipates that this would require approximately 15-50 hours per claim

5

depending on the size/age of the claim file, and also require Continental General to incur significant data hosting fees associated with uploading and reviewing the claim files onto an e-discovery platform in order to most efficiently review the files. Thus, to adequately respond to Request No. 31, it could require thousands of hours (111 files times an average of 25 hours would, for example, be 2,775 hours) of manual time to respond to this Request. Such a burden and expense is unreasonable and disproportionate to the approximate $60,000 contractual damages at issue in this case.

Continental General is withholding the "111 claim files" on the basis of these objections.

**REQUEST NO. 32:** With regard to the partial screen shots provided by defense counsel's email of October 22, 2024 (attached hereto as Addendum 1), please provide an HTML version of each screen shot that allows scrolling and visualization of each page in its entirety. For instance, with regard to the first screen shot showing "Product Licenses," provide a full HTML screen shot sufficient to show all contents of the page for "Database/Institution Licenses." Then do the same with regard to the "Summary" tab, the "Workstation Licenses" tab, and the tab for "Concurrent License Usage." For the next screen shot in the October 22 email, which relates to documents associated with Robert King's claim file, provide the full screen shot that shows all the documents listed, as well as the top and bottom of the OnBase screen. For the "Document Retrieval" screen, provide a full screen shot that allows scrolling downwards in the Keywords and Date Range section.

**RESPONSE:** Objection. Continental General objects to this Request as Exceeds Rules, Irrelevant, Unduly Burdensome, and Disproportionate.

This Request Exceeds the Rules of Discovery and is Irrelevant because none of the claims asserted by Plaintiffs nor the defenses raised by Continental General in this lawsuit implicate the claims administration software used by Continental General. Plaintiff's complaint does not include any allegations that OnBase or any other software used in administering Plaintiff's claim led to a breach of contract or other statutory violation. And certainly, it did not. Likewise, Continental General has not asserted any defense that places its claims administration software in issue. Accordingly, none of the materials sought through this Request have any tendency to make any fact in issue more or less probable whatsoever.

6

**This Request further Exceeds the Rules and is Irrelevant because Continental General's use of "OnBase" and the software's current search capabilities is, at best, tangential information that relates to a narrow, non-dispositive discovery issue.** Continental General anticipates that Plaintiff hopes to use information regarding the search capabilities of OnBase to demonstrate to the Court that it would not be "overly burdensome" for Continental General to produce other claim files that *might* contain some yet-to-be-identified pattern and practice that could form the basis of a class action lawsuit. Continental General has already provided numerous truthful, consistent representations – both through sworn written discovery responses and sworn testimony of its corporate representative and claims professionals – that the version of OnBase licensed by Continental General does not provide the search capabilities Plaintiff unilaterally believes it should. But even if such search capabilities did exist, Continental General's other objections regarding scope, relevance, proportionality, burden, and confidentiality would still stand and remain unaddressed. At bottom, it is not merely Continental General's position that it cannot perform the searches, but that *even if* Continental General could perform the word searches identified in Request Nos. 8, 29, and 30, Plaintiff's requests would still be objectionable and improper.

**This Request also Exceeds the Rules of discovery because it instructs Continental General to create materials not in existence at Plaintiff's direction.** The referenced "screenshots" were taken by the undersigned counsel during a telephone conversation with our client and were provided to Plaintiff in attempt to demonstrate to counsel limited information regarding Continental General's licensure of the "OnBase" platform in hopes of putting an end to the seemingly endless fishing expedition regarding the OnBase platform. Those "screenshots" are not "Documents" in the traditional sense of discovery, and no longer exist in any form other than the same "screenshots" that Plaintiff has already been provided. Similarly, Continental General has no obligation to create materials at Plaintiff's instruction that do not already exist, including but not limited to "HTML version[s] of each screen shot that allow[] scrolling and visualization."

**This Request is Unduly Burdensome and Disproportionate to the needs of this case.** As set forth above, the relevance of the requested materials (which again exist in no other form other than what has already been provided to Plaintiff) is so limited that allowing additional discovery into the issue beyond that which has already been provided would not be proportional to the needs of the case. This is particularly true where Plaintiffs already had the opportunity to obtain this information under oath at the deposition of Continental General's

7

corporate representative Julie Belknap, which included as a designated topic "[t]he search and retrieval capabilities of the OnBase system." In response, Continental General already expended time, human, and legal resources preparing a witness to testify on the topic. The content of the materials solicited through this Request could have been but was not explored at that time.

Subject to, and without waiving any objection, Continental General states that it is not withholding documents responsive to this Request, and the screenshots that have already been sent to the Plaintiff are all that exist here.

**REQUEST NO. 33:** Documents sufficient to identify the version of OnBase in use by Defendants for the years 2013 to present.

**RESPONSE:** Objection. Continental General objects to this Request as Exceeds Rules, Irrelevant, Unduly Burdensome, and Disproportionate.

Continental General incorporates by reference its response to Request No. 32 as if set forth at length herein.

Continental General further objects to this Request as Irrelevant because the version of OnBase in use at any given point in time does not inherently indicate the functionalities available to any specific end user of the platform. Further, until this litigation, Continental has never had any need or desire to search across its files for one word. That is because, as Continental General's witnesses have testified, each claim file is unique and each insured is an individual with his/her own specific set of facts.

Continental General is withholding documents on the basis of these objections.

Subject to and without waiving the foregoing, as already demonstrated to Plaintiff, Continental General currently uses version 18 of OnBase, which does not provide free access to cross-file searches and Continental General does not license that functionality. Further, until this litigation, Continental has never had any need or desire to search across its files for one word. That is because, as Continental General's witnesses have testified, each claim file is unique and each insured is an individual with his/her own specific set of facts. Further, as already demonstrated to Plaintiff, Continental General does not license the search functionalities that Plaintiff requests Continental General employ to identify documents responsive to Request Nos. 8, 29, and 30.

8

**REQUEST NO. 34:** All documents describing the search capabilities of Defendants' OnBase system, including but not limited to user guides, reference guides, or instructions by whatever name used, which show how to conduct searches in Defendants' version of the OnBase system.

**RESPONSE: Objection. Continental General objects to this Request as Exceeds Rules, Irrelevant, Unduly Burdensome, Disproportionate, and Equally Accessible.**

**Continental General incorporates by reference its response to Request No. 32 as if set forth at length herein.**

**Continental General further objects to this Request as Equally Accessible, as many documents reflecting the search capabilities of OnBase are publicly available. In addition to the many marketing materials available on the Hyland website regarding OnBase, the company also maintains a publicly accessible, searchable, resource library on its website. Further, Hyland is in the best position to describe the functions, and specifically the search capabilities, of its software systems.**

**Continental General is withholding documents on the basis of these objections.**

**Subject to and without waiving the foregoing, counsel for Continental General has already demonstrated to Plaintiff that the version of OnBase that it currently licenses does not provide free access to cross-file searches and Continental General does not license that functionality. Further, until this litigation, Continental has never had any need or desire to search across its files for one word. That is because, as Continental General's witnesses have testified, each claim file is unique and each insured is an individual with his/her own specific set of facts. Further, as already demonstrated to Plaintiff, Continental General does not license the search functionalities that Plaintiff requests Continental General employ to identify documents responsive to Request Nos. 8, 29, and 30.**

**REQUEST NO. 35:** Documents sufficient to show the entire list of Document "Types" and "Groups" currently maintained within Defendants' OnBase software application. If you claim you don't know what Document "Types" and/or "Groups" means, see defense counsel's email of October 22, 2024, showing a screenshot that includes the "Document Types and Groups" menu. See also the OnBase user

9

instructions which describe how OnBase searches can be filtered to search specific document types and groups. See also Julie Belknap deposition pp. 1315, 46, describing the ability to search within document types, and identifying one of the document types as "claim notes."

**RESPONSE:   Objection.   Continental General objects to this Request as Exceeds Rules, Irrelevant, Unduly Burdensome, and Disproportionate.**

**Continental General incorporates by reference its response to Request No. 32 as if set forth at length herein.**

**Continental General is withholding documents on the basis of these objections.**

**REQUEST NO. 36:**   Copies of all (1) Performance Management and Salary Administration Guides; and (2) Competency Models Guidebook (aka Competency Models and Development Guide) applicable to years 2013 through present. Note: these documents are referred to in personnel files as available on the afglink.com in the Human Resources tab, under myCareer.

**RESPONSE:   Objection.   Continental General objects to this Request as Exceeds Rules, Irrelevant, and Disproportionate.**

**Continental General objects to this Request because the responsive materials no relationship to the claims or defenses set forth in this matter. The responsive materials relate exclusively to the compensation structures for individuals employed by Continental General. They have no bearing on or relevance to the breach of contract and UTPA claims alleged by Plaintiff in this lawsuit. Beyond that, Continental General employees have consistently testified that compensation is not tied or related to claim outcomes (e.g., claim denials). None of the evidence produced in this matter has contradicted those representations, eliminating any relevance of the compensation structure to the claims raised by Plaintiff in this lawsuit.**

**Continental General further objects to this Request as disproportionate to the needs of this single claimant breach of contract and UTPA case. Plaintiff does not allege that any specific individual was responsible for the damages purportedly suffered by Mr. King. Nevertheless, Continental General has already produced over 2,500 pages of employee handbooks, individual performance reviews, other personnel file documents, and related materials regarding at least 15 different employees. Allowing additional discovery into**

**the specific compensation structures available to these individuals would be disproportionate to the needs of the case given the lack of relevance to Plaintiff's claims and Continental General's defenses, as well as the amount in controversy.**

Dated:  November 25, 2024            Respectfully submitted,

/s/ Maxon Davis
Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T:  (406) 761-5243
F:  (406) 761-4126

Sandra K. Jones, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
sandra.jones@faegredrinker.com

*Attorneys for Defendants*
*Continental General Insurance Company,*
*United Teacher Associates Insurance Company,*
*And Continental LTC, Inc.*

## CERTIFICATE OF SERVICE

I, J. Louise Bonner, hereby certify that on November 25, 2024, a copy of the foregoing was served upon the below counsel via e-mail:

Daniel B. Bidegaray
BIDEGARAY LAW FIRM
1700 West Koch, Ste. 5
Suite 305
Bozeman, MT 59715
Email: daniel@bidegaraylawfirm.com

Michael Abourezk
P.O. Box 9460
2020 West Omaha
Rapid City, S. Dakota
Email: mike@abourezk.com

*/s/ J. Louise Bonner*
J. Louise Bonner