Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T: (406) 761-5243
F: (406) 761-4126
max.davis@dhhtlaw.com

Nicole C. Wixted (pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2524
nicole.wixted@faegredrinker.com

*Attorneys for Defendant,*
*Great American Life Insurance Company*
*n/k/a MassMutual Ascend Life Insurance*
*Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING,<br>　　　　Plaintiff,<br>vs.<br>UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, INC., fka CONTINENTAL INSURANCE, INC., and DOES I-V,<br>　　　　Defendants. | Cause No. 4:21-cv-00087-GF-BMM<br><br>**RESPONSE IN OPPOSITION OF DEFENDANT GREAT AMERICAN LIFE INSURANCE COMPANY TO PLAINTIFF'S MOTION TO COMPEL** |

1

COME NOW Defendant Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company ("Great American"), and respectfully opposes Plaintiff's Motion to Compel [D.E. 112] (the "Motion"), and in support thereof, states as follows:

## INTRODUCTION

Throughout the Motion, Plaintiff Michelle King ("Ms. King" or "Plaintiff") references and seeks claim files of other insureds related to an "Alternate Payment Benefit Rider" from the collective "Defendants." United Teacher Associates, Inc. ("United Teacher"), which later merged into Continental General Insurance Company ("CGIC"), assumed all long-term care insurance policies that contained such a rider from Great American pursuant to an Assumption Reinsurance Agreement. Great American is not in possession of any claim files for any other insureds that would be responsive to Plaintiff's outstanding requests. As a result, Plaintiff's request to compel the claim files of other insureds, to the extent any relief is sought against Great American, should be denied.

## FACTS

On August 4, 2004, Great American issued long-term care insurance policy number AI00001227 (the "Policy") to Robert Glenn King ("Mr. King"). Effective January 1, 2010, Great American and United Teacher entered into an Assumption Reinsurance Agreement (the "Assumption"). Therein, United Teacher explained

that "[a]ll of the terms and conditions of the Policy remain unchanged, except that [United Teacher] shall be the insurer," and, as a result, "[a]ll premium payments, notices, claims and suits or actions of the Policy shall [t]hereafter be made to [United Teacher] as though it had issued the Policy originally." United Teacher provided Mr. King a copy of the Certificate of Assumption. The Certificate of Assumption instructed Mr. King that it "should be attached to and made part of the Policy."

On July 26, 2010, United Teacher and Great American jointly wrote to Mr. King informing him of the Assumption. The letter reiterated that "United Teacher entered into [an] agreement with respect to [Great American's] Long Term Care business," and further explained that United Teacher was "seeking [Mr. King's] approval to fully assume [his Policy] from Great American." The letter asked Mr. King to "accept this transfer allowing [United Teacher] to become [his] insurer and have direct responsibility for all claim payments and policy service" by "complet[ing] and return[ing] the enclosed Response Form." And on August 10, 2010, Mr. King did exactly that by checking the section of the Response Form stating "Yes, I accept the transfer of my [P]olicy from [Great American] to [United Teacher]."

Despite conceding that "[e]ffective January 1, 2010, [Great American] entered into an assumption reinsurance agreement with [United Teacher] with respect to [Mr. King's] long term care policy," Plaintiff continues to combine all Defendants in this

3

litigation as though they are one. Indeed, the instant Motion seeks relief against all Defendants collectively. Great American lodged objections but also responded to the requests advising that it had no documents or information responsive to each request. *See generally* Exhibits C-F.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37, "[a] motion to compel may be filed when a party disagrees with the objections raised by the other party and wants to compel more complete answers." *Smith et al. v. BNSF Railway Corp.*, No. CV-23-82-GF-BMM, 2024 WL 4958182, at *1 (D. Mont. 2024) (citing *Nei v. Travelers Prop. Cas. Co. of Am.*, 326 F.R.D. 652, 656 (D. Mont. 2018)). The burden is first on the requesting party to "establish[] that a discovery request seeks relevant information." *Id.* Only after that initial showing, "the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Id.* (quoting *Schulz v. Mt. West Farm Bureau Mut. Ins. Co.*, No. CV 20-88-M-DLC, 2021 WL 322725 (D. Mont. Feb. 1, 2021)).

## LEGAL ARGUMENT

**A. Great American Does Not Possess Any Responsive Claim Files.**

Plainly, the block of long-term care insurance policies that include the relevant rider were assumed by CGIC. Great American has consistently responded to

Plaintiff's written discovery requests accordingly. While the Policy was originally issued by Great American, it was contractually assumed by CGIC on January 1, 2010, long before any of the conduct alleged in the Complaint occurred, and along with other policies in the block. Ex. A at 5-6 (Response to Interrogatory No. 1); Ex. B at 6-7 (Supplemental Response to Request for Production ("Request") No. 1); Ex. C at 5-7 (Response to Request No. 8); Ex. D at 6 (Response to Request No. 29). Mr. King then ratified the assumption in writing on August 10, 2010, explicitly permitting the transfer of the Policy from Great American to United Teacher. Ex. A at 5-6 (Response to Interr. No. 1); Ex. C at 5-7 (Response to Request No. 8).

Great American is not in possession of any of these files any longer and does not know for certain their whereabouts. Indeed, in response to Request No. 31, which seeks "complete claim file for each of the 111 claims identified by Defendants' response to Interrogatory 4," Great American responded that "the claim files were not 'identified by' Great American in response to Interrogatory 4, and [] Great American has no documents responsive to th[e] Request." Ex. E at 6 (Response to Request No. 31).

Similarly, in response to other requests complained of, Great American responded that it does not possess any documents responsive to the requests for documents referencing from claim files. Ex. D at 6-7 (Response to Request Nos. 29-30).

5

Great American has explained that the "OnBase" program referenced in Plaintiff's requests relate to discovery of other parties and, as a result, Great American does not possess any documents responsive to requests for related information, either. Ex. E at 6 (Response to Request No. 31). Accordingly, Great American respectfully requests that the Motion as against Great American be denied.

**B. Great American Otherwise Adopts the Legal Argument Set Forth by Continental in its Opposition as Additional Grounds for Why Plaintiff's Motion Should be Denied.**

Assuming *arguendo* that the production of the claim files of other insureds is an appropriate finding as against Great American, which Great American disputes, Great American adopts and incorporates the opposition to Plaintiff's Motion filed by United Teacher, Continental General Insurance Company, and Continental LTC, Inc. (collectively, "Continental") as if fully set forth herein at length. Plaintiff is not entitled to a granting of her Motion for the reasons set forth in Continental's opposition.

## CONCLUSION

WHEREFORE, Defendant Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company respectfully requests that this Court enter an Order denying Plaintiff's Motion to Compel.

Dated: January 3, 2025        Respectfully submitted,

/s/ *Maxon Davis*
Maxon Davis

Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T: (406) 761-5243
F: (406) 761-4126
max.davis@dhhtlaw.com

/s/ *Nicole C. Wixted*
Nicole C. Wixted (pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2524
nicole.wixted@faegredrinker.com

*Attorneys for Defendant,*
*Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company*

# CERTIFICATE OF COMPLIANCE

I, Nicole C. Wixted, hereby certify that the foregoing Response in Opposition of Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company to Plaintiff's Motion to Compel is in compliance with L.R.(d)(2) and contains 1,081 words exclusive of the caption, and certificates of service and compliance.

/s/ *Nicole C. Wixted*
Nicole C. Wixted

## CERTIFICATE OF SERVICE

I, Maxon Davis, hereby certify that on the 3rd day of January, 2025, I caused the foregoing Response in Opposition of Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company to Plaintiff's Motion to Compel to be filed using the Court's CM/ECF system and thereby served upon all counsel of record.

/s/ *Maxon Davis*
Maxon Davis