# EXHIBIT A

Maxon R. Davis
DAVIS HATLEY HAFFEMAN & TIGHE, P.C.
The Milwaukee Station, 3rd Floor
101 River Drive North
Great Falls, MT 59401
T: (406) 761-5243
Email: max.davis@dhhtlaw.com

Nicole C.Wixted (pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
Email: nicole.wixtend@faegredrinker.com
*Attorneys for Defendant Great American Life Ins. Co.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING, | Cause No. CV-21-87-GF-BMM |
| Plaintiffs, | |
| vs. | |
| UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, INC., fka CONTINENTAL INSURANCE, INC., and DOES 1-V, | |
| Defendants. | |

# OBJECTIONS AND RESPONSES OF DEFENDANT GREAT AMERICAN LIFE INSURANCE COMPANY TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES Defendant Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company ("Great American"), by and through its undersigned counsel, Faegre Drinker Biddle & Reath LLP, pursuant to Federal Rule of Civil Procedure 33, and hereby objects and responds to the First Set of Interrogatories (the "Interrogatories") of Plaintiff Michelle King, as the personal representative of the Estate of Robert Glen King ("Plaintiff"), as follows:

## GENERAL OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND INSTRUCTIONS AND DEFINITIONS OF GREAT AMERICAN'S OBJECTIONS

1.      Great American objects to the Interrogatories to the extent that they seek information or documents beyond the scope permitted by the Federal Rules of Civil Procedure (hereinafter referred to as "Exceeds Rules").

2.      Great American objects to the Interrogatories to the extent that they are vague, ambiguous, or unintelligible (hereinafter referred to as "Vague and Ambiguous").

3.      Great American objects to the Interrogatories to the extent that they seek documents that are not relevant to any of the issues in this action (hereinafter referred to as "Irrelevant").

4.      Great American objects to the Interrogatories to the extent that they seek information that is not proportional to the needs of this action (hereinafter referred to as "Disproportionate").

5.      Great American objects to the Interrogatories to the extent that they are overly broad (hereinafter referred to as "Overbroad").

6.      Great American objects to the Interrogatories to the extent that they are unduly burdensome and unreasonable (hereinafter referred to as "Unduly Burdensome").

7.      Great American objects to the Interrogatories to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege (hereinafter referred to as "Privileged").  To the extent that Great American states herein that it will "produce documents responsive to this Request," Great American's production will exclude privileged documents and for any such documents withheld, Great American will produce a privilege log.

8.      Great American objects to the Interrogatories to the extent that they seek documents containing highly confidential personal information protected against disclosure under privacy laws (hereinafter referred to as "Confidential Personal Information").

9.      Great American objects to the Interrogatories to the extent that they

seek documents containing highly confidential or proprietary corporate information (hereinafter referred to as ("Proprietary Information").

10.    Great American objects to the Interrogatories to the extent that they ask Great American to provide information or documents equally accessible to Plaintiff (hereinafter referred to as "Equally Accessible").

11.    Great American objects to the temporal scope of the Interrogatories as the date when Great American first considered adopting or issuing an "Alternate Payment Benefit Rider" until the present on grounds of Overbroad, Unduly Burdensome, Vague and Ambiguous, and Disproportional.

## RESPONSES TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the number of policies issued that included an "Alternate Payment Benefit Rider."

**RESPONSE:  Objection.  Great American objects to this Interrogatory as Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.  The Interrogatory is Overbroad and Irrelevant to the extent this Interrogatory asks for any riders (regardless of policy form), issued on any rider form, in any state, to anyone, from the beginning of all time, and by any company that may or may not be a party to this lawsuit.  This Interrogatory is Unduly Burdensome because while the Policy was originally issued by Great American, it was contractually assumed by Defendant United Teacher Associates Insurance Company ("United Teacher") effective January 1, 2010, long before any of the conduct alleged in the Complaint occurred, and along with other policies in the block.  Mr. King then ratified the assumption in writing on August 10, 2010, explicitly permitting the transfer of the Policy from Great American to United Teacher.**

By way of further response and without waiving any of the foregoing, Great American does not have information as to the number of policies issued that included an "Alternate Payment Benefit Rider" or the number of remaining policies that include the same. The Complaint does not contain any allegations relating to conduct that occurred prior to the January 1, 2010 assumption (the "Assumption") and, as a result, it is unclear how a number of policies that Great American issued, over an unspecified period of time, that included a rider could possibly be relevant to the allegations, claims and defenses at issue in this litigation.

**INTERROGATORY NO. 2:** Identify the number of policies in force today that include an "Alternative Payment Benefit Rider."

**RESPONSE**: Objection. Great American objects to this Interrogatory as Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate. The Interrogatory is Overbroad and Irrelevant to the extent this Interrogatory asks for any riders (regardless of policy form), issued on any form of rider, in any state, from the beginning of all time, and by any company that may or may not be a party to this lawsuit.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Interrogatory No. 1 as if set forth fully herein.

**INTERROGATORY NO. 3:** Identify the number of claims involving any type of payment made under the "Alternative Payment Benefit Rider."

**RESPONSE**: Objection. Great American objects to this Interrogatory as Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

This Interrogatory, as drafted, would call for Great American to go through and review thousands of individual claim files to determine whether there has been a claim "involving any type of payment" made to any insured or caregiver under a similar rider before the Policy was assumed by United Teacher. Further, the number of other long-term care insurance policies issued to other insureds, with their own health issues, caregivers, private information,

and circumstances, that include a similar type of rider (regardless of time or any limiting parameters) are wholly Irrelevant to Mr. King and Plaintiff.

Plaintiff has not articulated why she believes other policies of insurance that may or may not have similar riders are relevant to her individual case or claims alleged in her Complaint. This is an impermissible fishing expedition. Plaintiff should not be allowed to go fishing at Great American's expense to try and find another plaintiff or plaintiffs, based on the number of policies issued with a similar type of rider, by which she can make the same baseless allegations. *See In re Williams-Sonoma*, 947 F.3d 535, 539-40 (9th Cir. 2020) (disallowing discovery requests in a single-plaintiff action served for the purpose of collecting information necessary to form and pursue a class action lawsuit against the defendant on the basis that such requests are not relevant to a plaintiff's claim and thus beyond the scope of discovery allowed under Federal Rule of Civil Procedure 26(b)(1)); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D 562, 573-74 (D. Mont. 2021) (finding plaintiff's discovery requests seeking information of potential class members and claim, before class was certified, were premature and thus impermissible); *Pedersen v. State Farm Mut. Auto. Ins. Co.*, CV-19-29-GF-BMM-JTJ, 2022 WL 2304042, at *4 (D. Mont. June 27, 2022) (denying motion to compel discovery related to potential class as "improper and well-beyond the needs of [the] case" where defendant had "consistently supplied Plaintiffs with *relevant* discovery" and "objected properly to Plaintiffs overly broad requests.") (emphasis added).

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Interrogatory No. 1 as if set forth fully herein. Additionally, Great American responds that it did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King.

**INTERROGATORY NO. 4:** Identify the number of claims in which payment under the "Alternative Payment Benefit Rider" was denied or limited due to the policyholder receiving assistance from a family member.

**RESPONSE**: Objection. Great American objects to this Interrogatory as Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Interrogatory Nos. 1 and 3 as if set forth fully herein. Additionally, Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King.

**INTERROGATORY NO. 5:** Identify the number of claims in which payment under the "Alternative Payment Benefit Rider" was approved even though the policyholder was receiving assistance from a family member.

**RESPONSE:** Objection. Great American objects to Interrogatory No. 5 as Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Interrogatory Nos. 1 and 3 as if set forth fully herein. Additionally, Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King.

**INTERROGATORY NO. 6:** Identify the number of times that payment was denied or limited under the "Alternative Payment Benefit Rider" because the policyholder was not receiving "Qualified Long-Term Care Services."

**RESPONSE:** Objection. Great American objects to Interrogatory No. 6 as Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Interrogatory Nos. 1 and 3 as if set forth fully herein. Additionally, Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King.

**[DATE AND SIGNATURE ON PAGE TO FOLLOW]**

Dated: January 2, 2024            Respectfully submitted,

_____
Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T:  (406) 761-5243
F:  (406) 761-4126

/s/ Nicole C. Wixted
Nicole C. Wixted, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
nicole.wixted@faegredrinker.com

*Attorneys for Defendant,*
*Great American Life Insurance Company*

# VERIFICATION

Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company ("Great American") signs the foregoing answers to interrogatories under oath, as Fed. R. Civ. P. 33(b)(3) provides, by and through its authorized representative whose signature appears below. These answers are based on information available from business records and other documents in Great American's possession and on the knowledge or information furnished by Great American employees, attorneys, and other agents, and these answers do not necessarily reflect the personal knowledge of the individual who is signing the answers on Great American's behalf.

Dated this ____19____ day of December, 2023.

_Teresa Murphy_
Teresa Murphy, VP Operations

Subscribed and sworn to this
_19th_ day of _December_, 2023.

_Thomas P. Higgins_
Notary Public

THOMAS P. HIGGINS, Attorney at Law
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration
Date. Section 147.03 O.R.C.

9

## CERTIFICATE OF SERVICE

I, Maxon R. Davis, hereby certify that on January 2, 2024, a copy of the

foregoing was served upon the below counsel via First Class U.S. Mail and e-mail:

Daniel B. Bidegaray
BIDEGARAY LAW FIRM
1700 West Koch, Ste. 5
Suite 305
Bozeman, MT 59715
Email: daniel@bidegaraylawfirm.com

Maxon R. Davis