# EXHIBIT B

Maxon R. Davis
DAVIS HATLEY HAFFEMAN & TIGHE, P.C.
The Milwaukee Station, 3rd Floor
101 River Drive North
Great Falls, MT 59401
T: (406) 761-5243
Email: max.davis@dhhtlaw.com

Nicole C. Wixted (pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
Email: nicole.wixtend@faegredrinker.com
*Attorneys for Defendant Great American Life Ins. Co.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, INC., fka CONTINENTAL INSURANCE, INC., and DOES 1-V,<br><br>Defendants. | Cause No. 4:21-cv-00087-BMM |

# SUPPLEMENTAL OBJECTIONS AND RESPONSES OF DEFENDANT GREAT AMERICAN LIFE INSURANCE COMPANY TO PLAINTIFF'S FIRST AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company ("Great American"), by and through its undersigned counsel, Faegre Drinker Biddle & Reath LLP, pursuant to Federal Rule of Civil Procedure 34, and hereby provides supplemental objections and responses to the requests for production of documents (the "Requests") of Plaintiff Michelle King, as the personal representative of the Estate of Robert Glen King ("Plaintiff") as follows.

## GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS AND INSTRUCTIONS AND DEFINITIONS OF GREAT AMERICAN'S OBJECTIONS

1. Great American objects to the Requests to the extent that they seek information or documents beyond the scope permitted by the Federal Rules of Civil Procedure (hereinafter referred to as "Exceeds Rules").

2. Great American objects to the Requests to the extent that they are vague, ambiguous, or unintelligible (hereinafter referred to as "Vague and Ambiguous").

3. Great American objects to the Requests to the extent that they seek documents that are not relevant to any of the issues in this action (hereinafter referred

2

to as "Irrelevant").

4. Great American objects to the Requests to the extent that they seek information that is not proportional to the needs of this action (hereinafter referred to as "Disproportional").

5. Great American objects to the Requests to the extent that they are overly broad and to the extent that they do not specify the specific time frame at issue in this litigation (hereinafter referred to as "Overbroad").

6. Great American objects to the Requests to the extent that they are unduly burdensome and unreasonable (hereinafter referred to as "Unduly Burdensome").

7. Great American objects to the Requests to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege (hereinafter referred to as "Privileged"). To the extent that Great American states herein that it will "produce documents responsive to this Request," Great American's production will exclude privileged documents and for any such documents withheld, Great American will produce a privilege log.

8. Great American objects to the Requests to the extent that they seek documents containing highly confidential personal information protected against disclosure under privacy laws (hereinafter referred to as "Confidential Personal

Information").

9. Great American objects to the Requests to the extent that they seek documents containing highly confidential or proprietary corporate information (hereinafter referred to as ("Proprietary Information"). To the extent that Great American states herein that it will "produce documents responsive to this Request," Great American's production will exclude proprietary information and for any such documents withheld, Great American will produce a privilege log. Should the parties reach a confidentiality agreement regarding these proprietary materials, Great American will produce such proprietary materials subject to the terms of that agreement.

10. Great American objects to the Requests to the extent that they ask Great American to provide information or documents equally accessible to Plaintiffs (hereinafter referred to as "Equally Accessible").

11. Great American objects to the definition of the term "you" to the extent that it implies all defendants are a single corporate entity or contemplates or requires a single, collective response from all named defendants. For purposes of clarity, Great American responds to these Requests only on behalf of itself.

12. Great American objects to the definition of the term "documents" to the extent that it requires Great American to produce the metadata of documents produced herewith on grounds of Exceeds Rules, Irrelevant, Disproportional, and

Unduly Burdensome.

13. Great American objects to the Requests on grounds of Overbroad, Unduly Burdensome, Vague and Ambiguous, and Disproportional because no time period is specified in the Requests.

## GREAT AMERICAN'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS

1. Produce all documents relating in any way to Robert King or any claims made on his behalf.

**RESPONSE: Objection. Great American objects to Request No. 1 as Exceeds Rules, Vague and Ambiguous, Overbroad, Irrelevant, and Privileged.**

**The Request is Vague and Ambiguous and Overbroad because it asks for "all" documents relating "in any way" to Robert King ("Mr. King"), without specificity as to whether the documents requested pertain only to the insurance policy at issue, or the entire universe of documents that "in any way" relate to Mr. King (the latter of which would be utterly impossible to produce). The Request is, as written, asking for potentially Irrelevant and Privileged documentation, as again it requests "all" documents without specificity or narrowing of any kind.**

**By way of further response and without waiving the foregoing, while the at-issue policy was originally issued by Great American, it was contractually assumed by Defendant United Teacher Associates Insurance Company ("United Teacher") effective January 1, 2010, long before any of the conduct alleged in the Complaint occurred. Mr. King then ratified the assumption in writing on August 10, 2010, explicitly permitting the transfer of his policy from Great American to United Teacher. The complaint does not contain any allegations relating to conduct that occurred prior to the January 1, 2010 assumption and, as a result, it is unclear what possible relevance any documents in Great American's possession might have to the claims and defenses at issue in this litigation. Moreover, Great American did not administer the policy following the assumption or otherwise handle any claims submitted by or on behalf of Mr. King.**

**Supplemental Response**: Notwithstanding the foregoing and subject to it, Great American further responds that there are no documents responsive to this Request.

2. Please produce all personnel files for each person that handled or participated in handling or making decisions regarding any aspect of Plaintiff's claim, as well as those persons who supervised those individuals, as well as the persons in the direct chain of command above them, up to the Senior Vice-President of Claims.

**RESPONSE: Objection. Great American objects to Request No. 2 as Exceeds Rules, Irrelevant, Disproportional, Overbroad, Confidential Personal Information, and Proprietary Information.**

**By way of further response and without waiving the foregoing, see response to Request No. 1. Additionally, because Great American did not administer the policy following the assumption and was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that there are no documents responsive to this Requestrelating to the conduct complained of in the Complaint.**

**Supplemental Response**: **Notwithstanding the foregoing and subject to it, Great American further responds that there are no documents responsive to this Request.**

3. Please produce all documents made available to inform any of the personnel described in Request No. 2 of the manner in which they can expect to earn increases in compensation, or the manner in which they are evaluated for compensation. The scope of this request is January 1, 2012 to present.

**RESPONSE: Great American objects to Request No. 3 as Exceeds Rules, Irrelevant, Vague and Ambiguous, Disproportional, Overbroad, Confidential Personal Information, and Proprietary Information. Great American further objects because this request seeks information post assumption of the policy by United Teacher.**

**By way of further response and without waiving the foregoing, see response to Request No. 1 and 2, above. Additionally, because Great American did not administer the policy following the assumption and was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great**

American further responds that there are no documents responsive to this Request relating to the conduct complained of in the Complaint.

**Supplemental Response:** Notwithstanding the foregoing and subject to it, Great American further responds that there are no documents responsive to this Request.

4. Please produce all documents used, or available for use by any of the individuals described in Request No. 2 to assist, or guide them in handling long term care claims or supervising those who handle claims.

**RESPONSE:** Great American objects to Request No. 4 as Exceeds Rules, Irrelevant, Vague and Ambiguous, Disproportional, Overbroad, and Proprietary Information.

By way of further response and without waiving the foregoing, see response to Request No. 1-3, above. Additionally, because Great American did not administer the policy following the assumption and was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that there are no documents responsive to this Request relating to the conduct complained of in the Complaint.

**Supplemental Response:** Notwithstanding the foregoing and subject to it, Great American further responds that there are no documents responsive to this Request.

5. Please produce all documents sufficient to identify all training materials, or educational materials related to handling long term care claims, and made available to any of the persons described in Request No. 2 since January 1, 2012 to present.

**RESPONSE:** Great American objects to Request No. 5 as Exceeds Rules, Irrelevant, Vague and Ambiguous, Disproportional, Overbroad, and Proprietary Information. Great American further objects because this request seeks information post assumption of the policy by United Teacher.

By way of further response and without waiving the foregoing, see response to Request No. 1-4, above. Additionally, because Great American did not administer the policy following the assumption and was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great

American further responds that there are no documents responsive to this Request relating to the conduct complained of in the Complaint.

Supplemental Response: Notwithstanding the foregoing and subject to it, Great American further responds that there are no documents responsive to this Request.

6. Please produce all company newsletters available to the personnel described in Request No. 2 from January 1, 2012 to present.

RESPONSE: Great American objects to Request No. 6 as Exceeds Rules, Irrelevant, Vague and Ambiguous, Disproportional, and Overbroad. Great American further objects because this request seeks information post assumption of the policy by United Teacher.

By way of further response and without waiving the foregoing, see response to Request No. 1 and 2, above. Additionally, because Great American did not administer the policy following the assumption and was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that there are no documents responsive to this Request relating to the conduct complained of in the Complaint.

Supplemental Response: Notwithstanding the foregoing and subject to it, Great American further responds that there are no documents responsive to this Request.

7. Produce all agreements, addendums, and correspondence between Defendants relating to the sale or transfer of any assets or the performance of any administration and services related to the block of business that included Plaintiff's policy.

RESPONSE: Great American objects to Request No. 7 as Exceeds Rules, Vague and Ambiguous, Irrelevant, Disproportional, Privileged, Overbroad, and Proprietary Information.

By way of further response and without waiving the foregoing, Great American directs Plaintiff to Continental General Insurance Company's response to Plaintiff's Request for Production of Documents No. 7. Great American did not administer the policy following the assumption and was not otherwise involved in any claims that may have been submitted by or on behalf of Mr.

King.  Great American further directs Plaintiff to the documents attached to the Notice of Removal and the corporate disclosures of the defendants named in this action and in particular the document wherein Mr. King ratified the assumption of his policy by United Teacher.  *See* Dkts. 1, 32-34, 37.

**Supplemental Response**: Notwithstanding the foregoing and subject to it, Great American further responds that there are no documents responsive to this Request beyond the assumption agreement previously produced by the co-defendant in this litigation.

Dated:  May 17, 2024

Respectfully submitted,

*/s/ Maxon Davis*
Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T:  (406) 761-5243
F:  (406) 761-4126

/s/ *Nicole C. Wixted*
Nicole C. Wixted, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
nicole.wixted@faegredrinker.com

*Attorneys for Defendant,*
*Great American Life Insurance Company*

## CERTIFICATE OF SERVICE

I, Maxon R. Davis, hereby certify that on May 17, 2024, I caused a copy of the foregoing was served upon the below counsel via First Class U.S. Mail and e-mail:

Daniel B. Bidegaray
BIDEGARAY LAW FIRM
1700 West Koch, Ste. 5
Suite 305
Bozeman, MT 59715
Email: daniel@bidegaraylawfirm.com

Michael Abourezk
Attorney at Law
PO Box 9460
Rapid City, SD 57709
Email: mike@abourezk.com

　　　　　　　　　　　　　　　　　／s／ Maxon R. Davis
　　　　　　　　　　　　　　　　　Maxon R. Davis