# EXHIBIT C

Maxon R. Davis
DAVIS HATLEY HAFFEMAN & TIGHE, P.C.
The Milwaukee Station, 3rd Floor
101 River Drive North
Great Falls, MT 59401
T: (406) 761-5243
Email: max.davis@dhhtlaw.com

Nicole C.Wixted (pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
Email: nicole.wixtend@faegredrinker.com
*Attorneys for Defendant Great American Life Ins. Co.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING, | Cause No. CV-21-87-GF-BMM |
| Plaintiffs, | |
| vs. | |
| UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, INC., fka CONTINENTAL INSURANCE, INC., and DOES 1-V, | |
| Defendants. | |

**OBJECTIONS AND RESPONSES OF DEFENDANT GREAT AMERICAN
LIFE INSURANCE COMPANY TO PLAINTIFF'S
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES Defendant Great American Life Insurance Company n/k/a

MassMutual Ascend Life Insurance Company ("Great American"), by and through

its undersigned counsel, Faegre Drinker Biddle & Reath LLP, pursuant to Federal

Rule of Civil Procedure 34, and hereby objects and responds to the Third Set of

Requests For Production of Documents (the "Requests") of Plaintiff Michelle King,

as the personal representative of the Estate of Robert Glen King ("Plaintiff"), as

follows:

**GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS AND
INSTRUCTIONS AND DEFINITIONS OF GREAT AMERICAN'S
OBJECTIONS**

1.      Great American objects to the Requests to the extent that they seek

information or documents beyond the scope permitted by the Federal Rules of Civil

Procedure (hereinafter referred to as "Exceeds Rules").

2.      Great American objects to the Requests to the extent that they are

vague, ambiguous, or unintelligible (hereinafter referred to as "Vague and

Ambiguous").

3.      Great American objects to the Requests to the extent that they seek

documents that are not relevant to any of the issues in this action (hereinafter referred

to as "Irrelevant").

4. Great American objects to the Requests to the extent that they seek information that is not proportional to the needs of this action (hereinafter referred to as "Disproportional").

5. Great American objects to the Requests to the extent that they are overly broad and to the extent that they do not specify the specific time frame at issue in this litigation (hereinafter referred to as "Overbroad").

6. Great American objects to the Requests to the extent that they are unduly burdensome and unreasonable (hereinafter referred to as "Unduly Burdensome").

7. Great American objects to the Requests to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege (hereinafter referred to as "Privileged"). To the extent that Great American states herein that it will "produce documents responsive to this Request," Great American's production will exclude privileged documents and for any such documents withheld, Great American will produce a privilege log.

8. Great American objects to the Requests to the extent that they seek documents containing highly confidential personal information protected against disclosure under privacy laws (hereinafter referred to as "Confidential Personal Information").

9.     Great American objects to the Requests to the extent that they seek documents containing highly confidential or proprietary corporate information (hereinafter referred to as ("Proprietary Information").  To the extent that Great American states herein that it will "produce documents responsive to this Request," Great American's production will exclude proprietary information and for any such documents withheld, Great American will produce a privilege log.  Should the parties reach a confidentiality agreement regarding these proprietary materials, Great American will produce such proprietary materials subject to the terms of that agreement.

10.     Great American objects to the Requests to the extent that they ask Great American to provide information or documents equally accessible to Plaintiffs (hereinafter referred to as "Equally Accessible").

11.     Great American objects to the temporal scope of the Requests as the date when Great American first considered adopting or issuing an "Alternate Payment Benefit Rider" until the present on grounds of Overbroad, Unduly Burdensome, Vague and Ambiguous, and Disproportional.

## RESPONSES TO PLAINTIFF'S REQUESTS

**REQUEST NO. 8:**     All documents on any hard drive, server, or electronic storage media containing the words "Alternate Payment Benefit Rider" or "Alternative Payment Benefit Rider."

**RESPONSE:** Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.

The Request is Vague and Ambiguous and Overbroad because it asks for "[a]ll documents" without any limitation or specificity as to whether the documents requested pertain only to a time period certain, the Policy at issue, the Policy form at issue, Mr. King, or the entire universe of documents on "any hard drive, server, or electronic storage media." To the extent Plaintiff is seeking the latter, the Request is Unduly Burdensome as it would be utterly impossible for Great American to ferret through its entire universe of "hard drive(s), server(s), or electronic storage media" and produce every single document that makes even mere mention of the Rider for the past two decades. Indeed, it could take months to weed through non-responsive and irrelevant documents that might "hit" for these search terms but bear absolutely no relevance to the claims alleged in the lawsuit.

The Request is, as written, also asking for Irrelevant documentation, as again it requests "[a]ll documents" without specificity, narrowing of any kind, or any relation at all to Mr. King, the Policy at issue, or the claims asserted in the Complaint. It could, on its face, be asking for copies of any and all insurance policies, forms, letters, or other documents issued to other insureds that contain the "words" "Alternate Benefit Payment Rider," whether or not those documents could have any relation to the Policy at issue, the type of rider at issue, or even a long-term care insurance product. The Request also seeks Confidential and/or Privileged information to the extent that it requests documentation seeking personal information for other insureds that is protected not only by HIPAA but bears no relevance to Plaintiff or the claims asserted in the Complaint. Further, Plaintiff's Complaint is a single-plaintiff Complaint with claims pled that are specific to Mr. King and his own circumstances. Thus, it is Disproportionate to the needs of this case for Great American to attempt to respond to this Request.

Plainly, this Request represents an impermissible fishing expedition and beyond the scope of discovery allowed by Federal Rule of Civil Procedure 26(b)(1) ("Impermissible Fishing Expedition"). *See In re Williams-Sonoma*, 947 F.3d 535, 539-40 (9th Cir. 2020) (disallowing discovery requests in a single-plaintiff action served for the purpose of collecting information necessary to form and pursue a class action lawsuit against the defendant on the basis that such requests are not relevant to a plaintiff's claim and thus beyond the scope

of discovery allowed under Federal Rule of Civil Procedure 26(b)(1)); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D 562, 573-74 (D. Mont. 2021) (finding plaintiff's discovery requests seeking information of potential class members and claim, before class was certified, were premature and thus impermissible); *Pedersen v. State Farm Mut. Auto. Ins. Co.*, CV-19-29-GF-BMM-JTJ, 2022 WL 2304042, at *4 (D. Mont. June 27, 2022) (denying motion to compel discovery related to potential class as "improper and well-beyond the needs of [the] case" where defendant had "consistently supplied Plaintiffs with *relevant* discovery" and "objected properly to Plaintiffs overly broad requests.") (emphasis added).

By way of further response and without waiving the foregoing, while the Policy was originally issued by Great American, it was contractually assumed by Defendant United Teacher Associates Insurance Company ("United Teacher") effective January 1, 2010 (the "Assumption"), long before any of the conduct alleged in the Complaint occurred. Mr. King then ratified the Assumption in writing on August 10, 2010, explicitly permitting the transfer of the Policy from Great American to United Teacher. The Complaint does not contain any allegations relating to conduct that occurred prior to the Assumption and, as a result, it is unclear what possible relevance any documents in Great American's possession might have to the claims and defenses at issue in this litigation. Moreover, Great American did not administer the Policy following the Assumption or otherwise handle any claims submitted by or on behalf of Mr. King. Accordingly, Great American does not have information as to the number of policies issued that included an "Alternate Payment Benefit Rider" or the number of remaining policies that include the same. Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 9:**     All documents relating to the drafting of the

Alternate Payment Benefit Rider.

**RESPONSE**: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth

fully herein.  Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 10:**     All documents relating to the implementation of

the Alternate Payment Benefit Rider.

**RESPONSE:  Objection.  Great American objects to this Request as Vague and Ambiguous,     Overbroad,     Unduly     Burdensome,     Irrelevant,     and Disproportionate.**

**This Request is Vague and Ambiguous and Overbroad because it asks for "[a]ll documents" relating to the "implementation" of an "Alternate Payment Benefit Rider."  It is unclear as to what Plaintiff means by "implementation" of the rider.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth fully herein.  Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 11:**     All documents concerning the interpretation,

application, or scope of the Alternate Payment Benefit Rider.

**RESPONSE:  Objection.  Great American objects to this Request as Vague and Ambiguous,     Overbroad,     Unduly     Burdensome,     Irrelevant,     and Disproportionate.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth fully herein.  Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 12:** All documents supporting Defendants' claim that

the Alternate Payment Benefit Rider does not provide benefits when a family

member provides assistance with ADLs.

**RESPONSE: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, and Disproportionate.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 13:** All documents showing that any Defendant has

ever denied or limited benefits to any other policyholder under the Alternate

Payment Benefit Rider based on care being provided by a family member.

**RESPONSE: Objection. Great American objects to this Interrogatory as Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**This Request is Privileged because any responsive documents, if any, would necessarily contain protected policyholder information of other individuals (not Mr. King), all of which is protected by HIPAA and other regulations. Even if, *arguendo*, there were responsive documents that could be produced, it would also take hundreds of hours to ferret through those documents and redact all protected information. Plaintiff cannot articulate why the circumstances of other policyholders insured under other policies of insurance are relevant to her individual case or claims alleged in her Complaint. This is an Impermissible Fishing Expedition. *See In re Williams-Sonoma*, 947 at 539-40; *James Lee Constr., Inc.*, 339 F.R.D at 573-74; *Pedersen*, 2022 WL 2304042, at \*4.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth**

fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 14:** All documents showing how many times any

Defendant has ever denied or limited benefits under the Alternate Payment Benefit

Rider based on assistance being provided by a family member.

**RESPONSE**: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 13 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 15:** All documents showing that any Defendant has

ever paid benefits under the Alternative Payment Benefit Rider when the

policyholder was receiving assistance from a family member.

**RESPONSE:** Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 13 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great

American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 16:** All documents showing that any Defendant has

ever advised any policyholder that the Alternate Payment Benefit Rider requires

that care be provided by a non-family member, or does not pay benefits when

assistance is provided by a family member.

**RESPONSE**: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 13 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 17:** All documents showing that the Alternative

Payment Benefit Rider requires the policyholder to receive "Qualified Long Term

Care Services" as a condition of receiving benefits under the Alternate Payment

Benefit Rider.

**RESPONSE:** Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 13 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great

American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 18:** All documents showing that any Defendant has

ever denied or limited benefits under the Alternative Payment Benefit Rider based

on the failure of the policyholder to receive "Qualified Long Term Care Services."

**RESPONSE: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 13 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 19:** All documents showing that any Defendant has

ever paid benefits under the Alternative Payment Benefit Rider when the

policyholder did not receive "Qualified Long Term Care Services."

**RESPONSE: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 13 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 20:** All marketing or advertising documents of any

Defendant related to long-term care benefits provided when the policyholder stays

at home rather than entering a facility.

**RESPONSE: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.**

**The Request is Vague and Ambiguous and Overbroad because it asks for "[a]ll marketing or advertising documents" relating to long-term care benefits provided to an insured who receives care at home rather than entering a facility without specificity as to whether the documents requested pertain only to the insurance policy (or policy form) at issue, or the entire universe of documents that Great American has in its possession that relate to any "long-term care benefits," regardless of policy or form.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 21:** All marketing or advertising documents of any

Defendant related to the Alternative Payment Benefit Rider.

**RESPONSE: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, and Disproportionate.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 20 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great**

American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 22:** All legal opinions concerning the Alternative

Payment Benefit Rider.

**RESPONSE: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, Privileged, and Equally Accessible.**

**Although this Request is Vague and Ambiguous because the term "legal opinion" is undefined, Great American interprets "legal opinion" to be any "opinion" created by an attorney or created at the direction of an attorney, either in-house or outside of the Company. Therefore, this Request is Privileged by its very nature. To the extent Plaintiff is requesting an "opinion" issued publicly or by another court of law, Great American is not aware of any such "legal opinion" and states that nothing exists to the best of its knowledge. A public court opinion, if any, is Equally Accessible to Plaintiff.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 23:** All court opinions or orders concerning the

Alternative Payment Benefit Rider.

**RESPONSE: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Equally Accessible.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 22 as if set forth fully herein. Additionally, because Great American did not administer**

the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 24:** All documents identifying litigation related to the

Alternative Payment Benefit Rider.

**RESPONSE**: Objection. Great American objects to this Request as Vague and Ambiguous, Overbroad, Unduly Burdensome, Irrelevant, Disproportionate, and Privileged.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8, 22, and 23 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 25:** All documents relating to the drafting or

implementation of the Alternate Plan of Care Benefit. [sic]

**RESPONSE**: Objection. Great American objects to this Request as Vague and Ambiguous.

By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth fully herein. Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.

**REQUEST NO. 26:**     All documents supporting your claim that any of

the conditions stated in the Alternate Plan of Care Benefit relate or apply to the

Alternate Payment Benefit Rider.

**RESPONSE**:  **Objection.  Great American objects to this Request as Vague and Ambiguous.**

**Great American is not able to discern what Plaintiff is requesting by way of this Request, as Great American did not make such a "claim.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request No. 8 as if set forth fully herein.  Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 27:**     All documents showing that any Defendant has

ever interpreted the Alternate Payment Benefit Rider as being subject to the

requirements of the Alternate Plan of Care Benefit.

**RESPONSE:**  **Objection.  Great American objects to this Request as Vague and Ambiguous.**

**By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8 and 26 as if set forth fully herein.  Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**

**REQUEST NO. 28:**     All documents showing that any Defendant has

ever interpreted the Alternate Payment Benefit Rider as being separate and distinct

from the Alternate Plan of Care Benefit.

**RESPONSE**:    **Objection.  Great American objects to this Request as Vague and Ambiguous.**

   **By way of further response and without waiving the foregoing, Great American incorporates by reference its response to Request Nos. 8, 25, and 26 as if set forth fully herein.  Additionally, because Great American did not administer the Policy following the Assumption and it was not otherwise involved in any claims that may have been submitted by or on behalf of Mr. King, Great American further responds that it does not possess any documents responsive to this Request relating to the conduct complained of in the Complaint.**


**[DATE AND SIGNATURE ON PAGE TO FOLLOW]**

Dated: January 2, 2024       Respectfully submitted,

_____

Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T:  (406) 761-5243
F:  (406) 761-4126

/s/ *Nicole C. Wixted*
_____
Nicole C. Wixted, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
nicole.wixted@faegredrinker.com

*Attorneys for Defendant,*
*Great American Life Insurance Company*

## CERTIFICATE OF SERVICE

I, Maxon R. Davis, hereby certify that on January 2, 2024, a copy of the foregoing was served upon the below counsel via First Class U.S. Mail and e-mail:

Daniel B. Bidegaray
BIDEGARAY LAW FIRM
1700 West Koch, Ste. 5
Suite 305
Bozeman, MT 59715
Email: daniel@bidegaraylawfirm.com

Maxon R. Davis