

Maxon R. Davis
DAVIS HATLEY HAFFEMAN & TIGHE, P.C.
The Milwaukee Station, 3rd Floor
101 River Drive North
Great Falls, MT 59401
T:  (406) 761-5243
Email: max.davis@dhhtlaw.com

Nicole C.Wixted (pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103
T:  (215) 988-2700
Email: nicole.wixtend@faegredrinker.com

*Attorneys for Defendant Great American Life Ins. Co.*
*n/k/a MassMutual Ascend Life Ins. Co.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| MICHELLE KING, as the Personal Representative of the Estate of ROBERT GLENN KING,<br>　　　　Plaintiff,<br>vs.<br>UNITED TEACHER ASSOCIATES INSURANCE COMPANY, CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN LIFE INSURANCE COMPANY, CONTINENTAL LTC, INC., fka CONTINENTAL INSURANCE, INC., and DOES 1-V,<br>　　　　Defendants. | Cause No. CV-21-87-GF-BMM |

# OBJECTIONS AND RESPONSES OF DEFENDANT GREAT AMERICAN LIFE INSURANCE COMPANY TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant Great American Life Insurance Company n/k/a MassMutual Ascend Life Insurance Company ("Great American"), by and through its undersigned counsel, Faegre Drinker Biddle & Reath LLP, pursuant to Federal Rule of Civil Procedure 34, and hereby objects and responds to the Fourth Set of Requests For Production of Documents (the "Requests") of Plaintiff Michelle King, as the personal representative of the Estate of Robert Glen King ("Plaintiff"), as follows:

## GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS AND INSTRUCTIONS AND DEFINITIONS OF GREAT AMERICAN'S OBJECTIONS

1. Great American objects to the Requests to the extent that they seek information or documents beyond the scope permitted by the Federal Rules of Civil Procedure (hereinafter referred to as "Exceeds Rules").

2. Great American objects to the Requests to the extent that they are vague, ambiguous, or unintelligible (hereinafter referred to as "Vague and Ambiguous").

3. Great American objects to the Requests to the extent that they seek documents that are not relevant to any of the issues in this action (hereinafter referred to as "Irrelevant").

4. Great American objects to the Requests to the extent that they seek information that is not proportional to the needs of this action (hereinafter referred to as "Disproportionate").

5. Great American objects to the Requests to the extent that they are overly broad and to the extent that they do not specify the specific time frame at issue in this litigation (hereinafter referred to as "Overbroad").

6. Great American objects to the Requests to the extent that they are unduly burdensome and unreasonable (hereinafter referred to as "Unduly Burdensome").

7. Great American objects to the Requests to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege (hereinafter referred to as "Privileged"). To the extent that Great American states herein that it will "produce documents responsive to this Request," Great American's production will exclude privileged documents and for any such documents withheld, Great American will produce a privilege log.

8. Great American objects to the Requests to the extent that they seek documents containing highly confidential personal information protected against disclosure under privacy laws (hereinafter referred to as "Confidential Personal Information").

9. Great American objects to the Requests to the extent that they seek documents containing highly confidential or proprietary corporate information (hereinafter referred to as ("Proprietary Information")). To the extent that Great American states herein that it will "produce documents responsive to this Request," Great American's production will exclude proprietary information and for any such documents withheld, Great American will produce a privilege log. Should the parties reach a confidentiality agreement regarding these proprietary materials, Great American will produce such proprietary materials subject to the terms of that agreement.

10. Great American objects to the Requests to the extent that they ask Great American to provide information or documents equally accessible to Plaintiffs (hereinafter referred to as "Equally Accessible").

11. Great American objects to the temporal scope of the Requests as the date when Great American first considered adopting or issuing an "Alternate Payment Benefit Rider" until the present on grounds of Overbroad, Unduly Burdensome, Vague and Ambiguous, and Disproportional.

**RESPONSES TO PLAINTIFF'S REQUESTS**

**REQUEST NO. 29:** All documents from any claim file in which (1) the Policy included an Alternate Payment Benefit Rider; (2) the claim was denied; and (3) the document includes the word "family."

The scope of this Request is limited to electronically searchable claim files or those portions of claim files. Further, this Request does NOT require Defendants to produce Policy forms containing the word "family." Therefore, if the only document in a claim file containing the word "family" is a policy form, it need not be identified or produced.

**RESPONSE**: **Objection. Great American objects to this Request as Overbroad, Unduly Burdensome, and Irrelevant.**

**The Request is Overbroad because it asks for "[a]ll documents from any claim file" without any limitation or specificity as to the insurance policy at issue, the specific insured, or the entire universe of documents that could be responsive to this Request. To the extent Plaintiff is seeking the latter, the Request is Unduly Burdensome. Policies issued by Great American, like the Policy at issue in this litigation, were contractually assumed by Defendant United Teacher Associates Insurance Company ("United Teacher") effective January 1, 2010. Accordingly, Great American does not possess any documents responsive to this Request.**

**REQUEST NO. 30:** All documents from any claim file in which (1) the Policy included an Alternate Payment Benefit Rider; (2) the claim was paid; and (3) the document includes the word "family."

The scope of this Request is limited to electronically searchable claim files or those portions of claim files. Further, this Request does NOT require Defendants to produce Policy forms containing the word "family." Therefore, if the only document in a claim file containing the word "family" is a policy form, it need not be identified or produced.

**RESPONSE**: **Objection. Great American objects to this Request as Overbroad,**

5

**Unduly Burdensome, and Irrelevant.**

**By way of further response, and without waiving the foregoing objections, Great American directs Plaintiff to its response to Request No. 29, which is incorporated as though fully set forth herein.**

Dated: June 24, 2024               Respectfully submitted,

/s/ *Maxon Davis*
Maxon Davis, Esq.
Davis Hatley Haffeman & Tighe, P.C.
101 River Drive North
The Milwaukee Station, 3rd Floor
Great Falls, MT 59401
T: (406) 761-5243
F: (406) 761-4126

/s/ *Nicole C. Wixted*
Nicole C. Wixted, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
T: (215) 988-2700
F: (215) 988-2757
nicole.wixted@faegredrinker.com

*Attorneys for Defendant,*
*Great American Life Ins. Co. n/k/a*
*MassMutual Ascend Life Ins. Co.*

**CERTIFICATE OF SERVICE**

I, J. Louise Bonner, hereby certify that on June 24, 2024, a copy of the foregoing was served upon the below counsel via First Class U.S. Mail and e-mail:

Daniel B. Bidegaray
BIDEGARAY LAW FIRM
1700 West Koch, Ste. 5
Suite 305
Bozeman, MT 59715
Email: daniel@bidegaraylawfirm.com

Michael Abourezk
P.O. Box 9460
2020 West Omaha
Rapid City, S. Dakota
Email: mike@abourezk.com

/s/ J. Louise Bonner
J. Louise Bonner